FIRST BANK OF OAK PARK, Trustee, Plaintiff-Appellee, *v.* THOMAS CARSWELL, d/b/a Soul D'Elegence, Defendant-Appellant.

First District (2nd Division) No. 81—2378

Opinion filed December 14, 1982.

Lawrence Wolk Levin, of Chicago, for appellant.

Charles M. Pallardy, of Berwyn, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, First Bank of Oak Park, as trustee (Bank), brought a forcible entry and detainer action against defendant, Thomas Carswell, d/b/a Soul D'Elegence (Carswell), for damages and possession of the premises located at 901 S. Fifth Avenue, Maywood, Illinois. On August 27, 1981, the circuit court, sitting without a jury, entered judgment in the Bank's favor for possession and damages in the amount of $3,550, representing rent due and owing. In an order entered October 1, 1981, Carswell's counterclaim was stricken on the Bank's motion. Carswell's notice of appeal is taken from the order denying his request for a jury trial, purportedly entered on August 26, 1981.

The principal issues presented are whether: (1) defendant filed his jury demand in a timely manner; and (2) the circuit court abused its discretion by denying his request for a jury trial, even if the jury demand was not timely filed.

The Bank filed its verified complaint on July 20, 1981, seeking possession of store premises at 901 S. Fifth Avenue in Maywood and $3,550 as rent or damages. Carswell admits that he was personally served on August 7, 1981. He failed to appear or otherwise plead on August 13, 1981, the date on which summons directed him to appear, and the circuit court entered judgment for the Bank on that day. On August 21, 1981, Carswell petitioned the court to vacate the August 13, 1981, order and the court heard argument on the petition on August 27, 1981. Carswell was then given leave to file an appearance, answer, and a counterclaim, but his motion for a jury trial was denied on the Bank's motion on the ground that he had failed to file it in a timely manner. The Bank's motion to strike Carswell's counterclaim

was deferred until October 1, 1981, when it was allowed.

In his petition to vacate judgment, Carswell asserted that he had retained another attorney to represent him who had failed to appear on his behalf, that he (Carswell) had been "ignorant as to the proper procedure," and that he had a meritorious defense.

■ Section 64(1) of the Civil Practice Act (now section 2—1105(a) of the Code of Civil Procedure, Ill. Rev. Stat. 1981, ch. 110, par. 2—1105(a)), with which Carswell claims he complied, provides that a defendant must file a jury demand not later than the filing of his answer. We are of the opinion that section 64(1) is inapplicable to the present circumstances for the following reasons. Supreme Court Rule 181(b)(2) (87 Ill. 2d R. 181(b)(2)) provides in relevant part: "If the defendant appears [in an action for forcible detainer], he need not file an answer unless ordered by the court." Since no answer need be filed, the procedure to be followed is similar to a small claims court proceeding, in which a defendant is required to file his jury demand by the time he is required to appear. (87 Ill. 2d R. 285. See *Village of Park Forest v. Walker* (1976), 64 Ill. 2d 286, 356 N.E.2d 42.) The summons served on Carswell in the present case advised him that his personal and written appearance were required at the courthouse on August 13, 1981, and advised him that a judgment by default could be taken against him if he failed to do so. He was served personally with the summons six days before, and was thus presented with an ample opportunity to file his appearance and jury demand in timely fashion, which he did not do.

Carswell blames his previous attorney for his failure to appear or otherwise plead on the day default judgment was originally entered against him and claims that he acted with alacrity after he learned that a default judgment had been entered against him. Our system of representative litigation has developed the general rule that the acts or omissions of an attorney are binding upon his client in the conduct of legal matters. (*Link v. Wabash R.R. Co.* (1962), 370 U.S. 626, 634, 8 L. Ed. 2d 734, 740, 82 S. Ct. 1386, 1392; *Big Three Food & Liquor, Inc. v. State Farm Fire & Casualty Co.* (1979), 79 Ill. App. 3d 63, 398 N.E.2d 264; *Danforth v. Checker Taxi Co.* (1969), 114 Ill. App. 2d 471, 253 N.E.2d 114.) No excuse has been offered or suggested in the present case as to why no appearance was filed by defendant's attorney within the prescribed period. Nor has there been any showing that good cause existed for his failure to request a jury trial in apt time, a burden which Carswell bore in the case before us. *Trapani v. Trapani* (1969), 109 Ill. App. 2d 202, 248 N.E.2d 294.

Carswell cites *Wenban v. Weiner* (1974), 23 Ill. App. 3d 561, 319

N.E.2d 580, as authority for his position. *Wenban* is distinguishable from the instant case since there, after the circuit court had vacated the judgment, plaintiffs were allowed to file an amended complaint and defendants were given 21 days in which to respond. The defendants in *Wenban* filed their jury demand with their answer to plaintiffs' amended complaint. Because defendants' answer and jury demand were timely with respect to plaintiffs' amended complaint, the appellate court concluded that the jury demand was timely with respect to the entire litigation. In the instant case, no amended complaint was ever filed.

Carswell also relies upon *Hudson v. Leverenz* (1956), 10 Ill. 2d 87, 93, 139 N.E.2d 255, a wrongful death action under the Dramshop Act for the proposition that article II, section 5 (now article I, section 13) of the Illinois Constitution (which guarantees one's right to a trial by jury) " 'should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce the right.' (*Morrison Hotel and Restaurant Co. v. Kirsner*, 245 Ill. 431, 433.)" In *Hudson* none of the defendant tavern owners filed a timely jury demand and each alleged that his failure to file a jury demand in a timely manner was the result of "misapprehension of the facts, mistake, and inadvertence." The circuit court denied their request and the supreme court affirmed holding that "misapprehension of the facts, mistake, and inadvertence" did not constitute sufficient "good cause" to excuse the seasonable filing of a jury demand. Here, by alleging only personal ignorance and the negligence of counsel, whose acts or omissions are binding upon him, it appears that Carswell merely has alleged the same misapprehension of facts, mistake, and inadvertence that the supreme court dismissed as insufficient in *Hudson*.

Lastly, Carswell argues that even if he did not file his demand in a timely manner the circuit court, in light of all the circumstances, abused its discretion when it denied his motion for a jury trial, citing *H. Vincent Allen & Associates, Inc. v. Weis* (1978), 63 Ill. App. 3d 285, 379 N.E.2d 765, *Johnson v. Sabben* (1972), 7 Ill. App. 3d 238, 282 N.E.2d 476, *Trapani v. Trapani* (1969), 109 Ill. App. 2d 202, 248 N.E.2d 294, and *Hudson v. Leverenz* for the proposition that the circuit court upon a showing of good cause may grant a party's late jury demand. As the Bank notes, however, the Illinois Supreme Court recently discussed both good cause in this regard and the standard of review in such cases in *Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90, 382 N.E.2d 1201, and *Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 382 N.E.2d 1205. In *Hernandez*, the court stated:

"In addition to the requirement of good cause, the court will consider inconvenience to the parties and the court, and any possible prejudice to the rights of the opposing party. (*Stephens v. Kasten* (1943), 383 Ill. 127, 135.) The decision is made in the discretion of the trial court, and its decision will not be reversed unless there is an abuse of discretion. The standard of review on appeal is not whether the appellate court would have allowed the motion, but whether the action was a reasonable exercise of sound discretion. *Johnson v. Sabben* (1972), 7 Ill. App. 3d 238, 241." (73 Ill. 2d 90, 95.)

In *Greene*, defendant argued that by simply showing that plaintiff would not be prejudiced or inconvenienced he had established "good cause" within the meaning of section 59 and Supreme Court Rule 183. The supreme court disagreed, stating:

"To so construe section 64(1) of the Civil Practice Act would in effect permit the demand to be made at any time so long as neither the court nor a litigant was inconvenienced or prejudiced. We hold, therefore, that in addition to showing that no inconvenience or prejudice would result from the late filing of the demand it was necessary that good cause be shown for failure to comply with the statute. Accord, *Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90." 73 Ill. 2d 100, 107.

In addition to the absence of "good cause" in the present case, Carswell failed to demonstrate the absence of inconvenience to plaintiff and the court, or the absence of prejudice to plaintiff as well.

We note in passing that no issues are raised by defendant as to any denial of his right to present evidence in support of his defense or in furtherance of his counterclaim. Nor is any error assigned by defendant to any court ruling, or even the substantive outcome of the case.

■ For the foregoing reasons, the discretion exercised by the trial court in striking Carswell's late jury demand must be affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.