# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Fifth Third Mortgage Co. v. Foster*, 2013 IL App (1st) 121361

---

| | |
|---|---|
| Appellate Court Caption | FIFTH THIRD MORTGAGE COMPANY, Plaintiff-Appellee, v. TAMARA FOSTER, Defendant-Appellant. |
| | |
| District & No. | First District, Second Division<br>Docket No. 1-12-1361 |
| | |
| Rule 23 Order filed | May 14, 2013 |
| Rule 23 Order withdrawn | June 25, 2013 |
| Opinion filed | June 28, 2013 |
| | |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Summary judgment was improperly entered for plaintiff mortgagee in its forcible entry and detainer action filed before the expiration of defendant's lease, since defendant was not named in plaintiff's foreclosure action and plaintiff had no authority to file the forcible entry and detainer action until after the lease expired. |
| | |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-M1-730099; the Hon. George F. Scully, Jr., Judge, presiding. |
| | |
| Judgment | Reversed. |

| Counsel on Appeal | Lawyers' Committee for Better Housing, of Chicago (Frank G. Avellone and Mark Swartz, of counsel), for appellant. |
|---|---|
| | Tamara Foster, of Chicago, appellant *pro se*. |
| | Kluever & Platt, LLC, of Chicago (Andrew L. Platt and M. Reas Bowman, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE HARRIS delivered the judgment of the court, with opinion. |
| | Justices Quinn and Simon concurred in the judgment and opinion. |

## OPINION

¶ 1     Defendant Tamara Foster appeals from the trial court's orders granting summary judgment in favor of plaintiff, Fifth Third Mortgage Co., in its forcible entry and detainer (FED) action against her, and denying her motion to reconsider. On appeal, defendant contends that summary judgment was improper where there was a question of fact as to whether plaintiff was aware of the existence of a written lease before it filed its FED action and where plaintiff lacked legal authority to file such an action until after the expiration of that lease.

¶ 2     The following facts can be gleaned from the record. At all times relevant to this appeal, defendant rented a house in Chicago. In August 2011, plaintiff obtained ownership rights to the house as the result of foreclosure proceedings, to which defendant was not a party. On September 9, 2011, plaintiff served defendant and all other unknown occupants of the house with a notice to vacate the property and a demand for possession. The notice indicated that defendant would be required to surrender possession of the house within 90 days "unless you provide evidence to the undersigned law firm that you are a bona fide tenant pursuant to section 702(a)(2) (Supp. II 2009) of the Federal 'Protecting Tenants at Foreclosure Act of 2009' ('PTFA') [(12 U.S.C. § 5220(a)(2) (Supp. II 2009))]." The notice further stated that if defendant wished to claim protection under the PTFA, she was required to provide the law firm with a copy of her lease, a return telephone number, and receipts for the last six rent payments made to the landlord.

¶ 3     More than 90 days later, on December 20, 2011, plaintiff filed a FED action against defendant, seeking possession of the house and contending that defendant was unlawfully continuing to reside there without plaintiff's permission and without a lease granting tenancy in the property. Thereafter, defendant was served with the complaint and summons and filed her appearance and a jury demand.

¶ 4      On January 26, 2012, plaintiff filed a motion for summary judgment, arguing that no genuine issue of material fact existed and that, as a matter of law, it was entitled to judgment for possession of the house. Defendant responded, moving for summary judgment in her favor and dismissal of the action with prejudice. In her response, defendant asserted that no genuine issues of material fact existed; that she was a *bona fide* tenant under the PTFA; that her lease did not expire until December 31, 2011; and that plaintiff had no legal authority to file a FED action until after her lease expired. Defendant asserted that plaintiff's filing was premature and did not provide her with due process and that, therefore, plaintiff was not entitled to possession. According to defendant's argument, plaintiff would have to issue a new notice if it intended to evict her. Defendant attached a copy of her lease to her response.

¶ 5      Following a hearing, the transcript of which does not appear in the record, the trial court granted plaintiff's motion for summary judgment. In its decision, the trial court stated that the material facts were undisputed, including that defendant made no response to the 90-day notice and that defendant claimed to be a *bona fide* tenant under the PTFA, pursuant to a written lease with an expiration date of December 31, 2011. The trial court observed that although the PTFA provides a *bona fide* tenant the right to occupy premises until the end of the remaining term of a lease, the PTFA did not state whether a plaintiff must wait until the expiration of the lease to commence eviction. The court determined that in the instant case, where it had found that defendant did not respond to the 90-day notice required by the PTFA and plaintiff was without knowledge of the existence of a lease, it was proper for plaintiff to have filed the FED action after the PTFA notice period expired. The court stated it was "specifically not addressing the question of whether or not Plaintiff would have been required to wait until the expiration of a known lease before commencing an action against a bona fide tenant." The court concluded that the existence of a *bona fide* lease restricted it from entering an order for possession enforceable prior to the expiration of the lease but that the expiration date had passed and that, therefore, as a matter of law, plaintiff had a superior right to possession. The trial court entered an order for possession with enforcement stayed until February 27, 2012.

¶ 6      Defendant filed a motion to reconsider. In the motion, she argued that the 90-day notice was facially defective because it terminated her tenancy before her *bona fide* lease period expired. Defendant further asserted that because plaintiff filed its FED action before her lease expired, the filing was premature, the trial court lacked subject matter jurisdiction, and the resulting order granting summary judgment in plaintiff's favor was void. Finally, defendant argued that contrary to the trial court's factual findings, plaintiff was indeed aware of the existence of her lease prior to filing its FED action. She asserted that she provided plaintiff's attorneys with a copy of her lease in response to the 90-day notice, and in support of that argument, she attached a copy of a fax cover sheet addressed to the law firm, dated October 13, 2011, indicating that a copy of the lease was attached. Defendant also asserted that she had earlier provided plaintiff with a copy of her lease via a fax sent to the "real estate agent for plaintiff." In support, defendant again attached a copy of a fax cover sheet, this one dated July 28, 2011, indicating that a copy of the lease was attached.

¶ 7      The trial court denied defendant's motion to reconsider. Defendant filed a timely notice of appeal.

¶ 8        Summary judgment is appropriate when the record, including any documents attached to the summary judgment motion, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2010). Our review of a trial court's decision on a motion for summary judgment is *de novo*. *JP Morgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 461 (2010).

¶ 9        On appeal, defendant contends that summary judgment was improper where there was a question of fact as to whether plaintiff was aware of the existence of a written lease and where plaintiff lacked legal authority to file a FED action until after the expiration of that lease. Defendant argues that because plaintiff acted prematurely in filing its action, the trial court lacked subject matter jurisdiction and the order granting plaintiff summary judgment is void.

¶ 10       We agree with defendant that plaintiff lacked legal authority to file a FED action prior to the expiration of her lease.

¶ 11       Contrary to plaintiff's arguments, a final order in a foreclosure matter does not automatically terminate a lease that is subordinate to the mortgage. 735 ILCS 5/15-1701(e) (West 2010). Rather, lawful occupants of foreclosed properties cannot be removed except by FED proceedings or unless they were made a party to foreclosure proceedings. *Agribank, FCB v. Rodel Farms, Inc.*, 251 Ill. App. 3d 1050, 1055 (1993) (citing 735 ILCS 5/15-1701(e) (West 1992)).[1] Here, it is not argued that defendant was a party to the foreclosure proceedings. In addition, the "Order Approving Report of Sale and Distribution, Confirming Sale and Order of Possession" included in the record does not list defendant as a party to the foreclosure proceedings, and the order provides that "No occupants other than the individuals named in this Order of Possession may be evicted without a Supplemental Order of Possession or an order from the Forcible Entry and Detainer Court." Given these circumstances, plaintiff was required to initiate FED proceedings against defendant in order to terminate her lease.

¶ 12       The Forcible Entry and Detainer Act allows a party to file a FED action against a lessee "[w]hen any lessee of the lands or tenements, or any person holding under such lessee, holds possession without right after the termination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit or otherwise." 735 ILCS 5/9-102(a)(4) (West 2010). A FED action is a special summary proceeding which demands strict adherence to statutory requirements in order to establish jurisdiction. *Avdich v. Kleinert*, 69 Ill. 2d 1, 6 (1977); *Figueroa v. Deacon*, 404 Ill. App. 3d 48, 52 (2010). Where a FED action is filed prematurely, it cannot be maintained. *Avdich*, 69 Ill. 2d at 6, 9.

¶ 13       Here, defendant's lease was to expire on December 31, 2011. Plaintiff filed its FED action on December 20, 2011, prior to the expiration of the lease. Under section 9-102(a)(4),

_____

[1]We note that plaintiff relies upon *Agribank* for the proposition that a final order in a foreclosure matter "automatically terminates" any lease subordinate to that mortgage. However, the *Agribank* opinion specifically states that while this was the case prior to 1992, legislative amendments to the Illinois Mortgage Foreclosure Law in that year changed the law. *Agribank*, 251 Ill. App. 3d at 1055.

-4-

the FED action was premature. Due to plaintiff's failure to comply with the statutory requirements of the Forcible Entry and Detainer Act, the circuit court had no jurisdiction over the matter. *Avdich*, 69 Ill. 2d at 6; *Figueroa*, 404 Ill. App. 3d at 53. Accordingly, we reverse the judgment of the circuit court.

¶ 14      For the reasons explained above, we reverse the judgment of the circuit court.

¶ 15      Reversed.