# Illinois Official Reports

## Appellate Court

---

### *Goodwin v. Matthews*, 2018 IL App (1st) 172141

---

| | |
|---|---|
| Appellate Court Caption | KEVIN GOODWIN and RAY RABIDEAU, Plaintiffs-Appellees, v. KENNETH MATTHEWS, LASKESHIA ODOMS, and UNKNOWN OCCUPANTS, Defendants (Kenneth Matthews, Defendant-Appellant). |
| District & No. | First District, Fourth Division<br>Docket No. 1-17-2141 |
| Filed | December 20, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-M1-709335; the Hon. Toya T. Harvey, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Kenneth Matthews, of Chicago, appellant *pro se*.<br><br>No brief filed for appellee. |
| Panel | JUSTICE REYES delivered the judgment of the court, with opinion.<br>Presiding Justice McBride concurred in the judgment and opinion.<br>Justice Gordon specially concurred, with opinion. |

**OPINION**

¶ 1    Defendant Kenneth Matthews, *pro se*, appeals the entry of an order of possession in favor of plaintiffs Kevin Goodwin and Ray Rabideau in a forcible entry and detainer action pursuant to the Forcible Entry and Detainer Act (Act) (735 ILCS 5/9-101 *et seq.* (West 2016)). On appeal, defendant maintains that (1) the order of possession is void because plaintiffs failed to satisfy the statutory requirements for service of a five-day notice according to section 9-211 of the Act (*id.* § 9-211), (2) the circuit court erroneously struck his jury demand, (3) the circuit court erred when it did not hold an evidentiary hearing on his motion to quash, and (4) the circuit court erred in granting Goodwin's oral motion to amend the complaint. For the reasons that follow, we affirm.

¶ 2                                        BACKGROUND

¶ 3    On June 9, 2017, Goodwin filed a complaint in forcible entry and detainer against defendant seeking possession of a property located at 5409 S. Princeton Avenue, Unit 1, Chicago, Illinois, as well as rent and late fees totaling $10,000. After an attempt by the sheriff to serve defendant with summons failed, Goodwin was granted leave to employ a special process server to serve the complaint. After four attempts, the special process server filed an affidavit with the court indicating that defendant was unable to be served with the summons. Goodwin's counsel then filed an affidavit for service of the summons by posting, indicating defendant was "concealed within the state; therefore, process cannot be served upon defendant." The sheriff posted the summons on July 17, 2017, and stated that defendant was required to appear on July 28, 2017.

¶ 4    On July 27, 2017, defendant filed a *pro se* motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (*id.* § 2-619) in which he argued that Goodwin was not the owner of the property and therefore lacked standing. Attached to his motion was a copy of the warranty deed for the property indicating Rabideau was the owner of the premises. Defendant noticed the motion for July 28, 2017.

¶ 5    The record demonstrates that on July 28, 2017, plaintiffs' counsel and defendant were present before the circuit court. Although there is no record of proceedings included in this appeal, orders entered that day indicate (1) the complaint was amended to include Rabideau as an additional plaintiff, (2) Laskeshia Odoms (an individual originally named as a defendant) was dismissed, and (3) an order of possession was entered in favor of plaintiffs and against defendant. No monetary judgment was entered against defendant.

¶ 6    Thereafter, on July 31, 2017, defendant filed a *pro se* emergency motion to quash service by posting and to vacate the order of possession. Defendant maintained that plaintiffs failed to comply with the service requirements of the Act when, on July 17, 2017, they posted notice on the apartment door when he was in actual possession of the premises. In support of his motion, defendant filed an affidavit stating that "at all relevant times" he was "in actual possession of the premises located at 5409 South Princeton Ave" and that he was "not concealed within this State." The following day, defendant filed an appearance and jury demand.

¶ 7    On August 2, 2017, the circuit court denied defendant's motion to quash service by posting and vacate the order of possession. The circuit court also struck defendant's jury demand, finding defendant waived this right.

¶ 8        Shortly thereafter, defendant retained counsel who filed, in one document, an amended motion to quash, a motion to reconsider the court's denial of the motion to quash, a motion to vacate the July 28, 2017, order, and a motion to stay enforcement. In these motions, defendant argued (1) Goodwin did not make an honest, well-directed effort to locate defendant and did not follow the statutory requirements for service of process, (2) defendant was not served with a five-day notice prior to the lawsuit being filed as required by the Act, (3) the circuit court erred in striking his jury demand, and (4) the circuit court erred when it allowed Goodwin's oral motion to amend the complaint. Defendant requested an evidentiary hearing. Attached to the motions was an affidavit from defendant in which he again averred that he resided at the property and could be located there. Also attached to the motions was a copy of a five-day notice defendant averred he received from another tenant, Barry McCarey, after the lawsuit had been filed. The five-day notice was not dated, was signed by McCarey, but was not notarized or sworn. Defendant appended McCarey's affidavit to the motions. McCarey averred that his signature on the five-day notice was forged and that he did not serve defendant with a copy of the five-day notice.[1]

¶ 9        On August 21, 2017, the circuit court denied defendant's motions. In denying these motions the circuit court found defendant was not entitled to an evidentiary hearing because the special process server's affidavit demonstrated due diligence. This appeal followed.

¶ 10                                                    ANALYSIS

¶ 11        On appeal, defendant *pro se* maintains that (1) the order of possession is void because plaintiffs failed to satisfy the statutory requirements for service of a five-day notice according to the Act and thus lacked subject-matter jurisdiction, (2) the circuit court erroneously struck his jury demand, (3) the circuit court erred when it did not hold an evidentiary hearing on his motion to quash, and (4) the circuit court erred in granting Goodwin's oral motion to amend the complaint. Although plaintiffs have not filed a response brief in this court, we may proceed under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). We address each claim in turn.

¶ 12        Defendant first contends that he was not properly served with the five-day notice because he did not receive it prior to the filing of the complaint and the notice was not signed by the landlord or the landlord's agent. Section 9-209 of the Act provides that a landlord may notify the tenant in writing that the lease will be terminated unless payment of overdue rent is made within the time stated in the notice, which cannot be less than five days after service. 735 ILCS 5/9-209 (West 2016). Under section 9-211 of the Act, such notice may be served by (i) delivering a copy to the tenant, (ii) leaving a copy with an individual over the age of 13 who resides at the premises, or (iii) sending a copy to the tenant by certified or registered mail, with a returned receipt from the addressee. *Id.* § 9-211. Section 9-211 further provides that if no one is in "actual possession" of the premises, service may be made by posting the notice on the premises. *Id.*

---

[1]Another purported five-day notice was attached as an exhibit to defendant's emergency motion to stay filed before this court. This notice, however, was never presented to the trial court, nor was it part of the official record filed with this court. In addition, defendant does not make any arguments in regards to this notice in his appeal.

¶ 13     Asserting that he was in "actual possession" of the property, defendant argues that the service of the five-day notice by posting did not comply with section 9-211. Citing *Figueroa v. Deacon*, 404 Ill. App. 3d 48, 52 (2010), and *American Management Consultant, LLC v. Carter*, 392 Ill. App. 3d 39, 55-56 (2009), he contends that the circuit court did not have subject-matter jurisdiction over the action based on plaintiffs' failure to strictly satisfy the requirements of the Act. "Whether a circuit court has subject matter jurisdiction to entertain a claim presents a question of law which we review *de novo*." *In re Megan G.*, 2015 IL App (2d) 140148, ¶ 20. As discussed below, we reject defendant's jurisdictional challenge.

¶ 14     Subject-matter jurisdiction is defined as the power of a court to hear and determine cases of the general class to which the proceeding in question belongs. *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 39. Under the Illinois Constitution adopted in 1870, the circuit court's jurisdiction over special statutory proceedings, *i.e.*, "matters which had no roots at common law or in equity," was derived from the legislature. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 336 (2002).

¶ 15     In a series of cases referred to as the *Belleville Toyota* cases, the Illinois Supreme Court recognized the effect that the 1964 and 1970 amendments to the Illinois Constitution made to the power of courts to exercise subject-matter jurisdiction. See *In re Nathan A.C.*, 385 Ill. App. 3d 1063, 1069 (2008). In *Belleville Toyota*, our supreme court considered whether the failure to comply with a statutory requirement or prerequisite can deprive a circuit court of subject-matter jurisdiction. *Belleville Toyota*, 199 Ill. 2d at 334; see also *LVNV Funding, LLC*, 2015 IL 116129, ¶ 33 (discussing *Belleville Toyota*). The *Belleville Toyota* court stated that, "[w]ith the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution." *Belleville Toyota*, 199 Ill. 2d at 334.

¶ 16     Section 9 of article VI of the Illinois Constitution provides, in part, that the jurisdiction of the circuit courts extends to "all justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to the redistricting of the General Assembly and to the ability of the Governor to serve or resume office." Ill. Const. 1970, art. VI, § 9. The *Belleville Toyota* court thus reasoned that "in order to invoke the subject matter jurisdiction of the circuit court, a plaintiff's case, as framed by the complaint or petition, must present a justiciable matter." *Belleville Toyota*, 199 Ill. 2d at 334.

¶ 17     A justiciable matter is "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Id.* at 335. "So long as a matter brought before the circuit court is justiciable and does not fall within the original and exclusive jurisdiction of the supreme court, the circuit court has subject matter jurisdiction to consider it." *Megan G.*, 2015 IL App (2d) 140148, ¶ 20.

¶ 18     Based on *Belleville Toyota* and its progeny, we reject defendant's contention that the circuit court in the instant case lacked subject-matter jurisdiction based on any purported failure to strictly comply with the notice requirements of the Act. See also *Prairie Management Corp. v. Bell*, 289 Ill. App. 3d 746, 752 (1997) (determining that the manner of service of the termination notice was not a jurisdictional issue); *Morris v. Martin-Trigona*, 89 Ill. App. 3d 85, 88 (1980) (noting that "[s]ince the adoption of the Judicial Article in 1964 and the subsequent inclusion of that article in the 1970 Constitution," the theory that deviation

- 4 -

from the statutory procedure deprived the circuit court of subject-matter jurisdiction is no longer valid).

¶ 19    We recognize that—in multiple forcible entry and detainer cases decided after *Belleville Toyota*—the Illinois Appellate Court has held that the circuit court lacked subject-matter jurisdiction because "[a]n action to recover possession of a premises is a special statutory proceeding" and "a party seeking this remedy must strictly comply with the requirements of the statute." *Carter*, 392 Ill. App. 3d at 56; accord *Fifth Third Mortgage Co. v. Foster*, 2013 IL App (1st) 121361, ¶ 12; *Figueroa*, 404 Ill. App. 3d at 53. When we review the authority relied upon by the courts in the foregoing cases, their rulings however appear to be directly or indirectly based on cases decided prior to *Belleville Toyota*. *E.g.*, *Carter*, 392 Ill. App. 3d at 56 (citing *In re A.H.*, 195 Ill. 2d 408 (2001), a pre-*Belleville Toyota* case wherein our supreme court held when the power of the circuit court is controlled by statute, the court only has subject-matter jurisdiction as provided in the statute); see also *Foster*, 2013 IL App (1st) 121361, ¶ 12 (relying on *Figueroa* and *Avdich v. Kleinert*, 69 Ill. 2d 1 (1977), a pre-*Belleville Toyota* case); *Figueroa*, 404 Ill. App. 3d at 52-53 (relying on *Carter* and *Nance v. Bell*, 210 Ill. App. 3d 97 (1991), a pre-*Belleville Toyota* case).

¶ 20    In sum, the statutory requirements of the Act cannot be jurisdictional, because jurisdiction is conferred on the circuit courts by the Illinois Constitution. As our supreme court has stated, "while the legislature can create new justiciable matters by enacting legislation that creates rights and duties, the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction or constitute a nonwaivable condition precedent to the circuit court's jurisdiction." *LVNV Funding, LLC*, 2015 IL 116129, ¶ 37. Since the complaint herein alleged a definite and concrete controversy under the Act, plaintiffs established the existence of a justiciable matter. See *Megan G.*, 2015 IL App (2d) 140148, ¶ 22. Accordingly, the circuit court had subject-matter jurisdiction.

¶ 21    Regardless, defendant was not entitled to a five-day notice under section 9-209 of the Act (735 ILCS 5/9-209 (West 2016)), as there is nothing in the record that establishes he was a lessee of the property. In *Vogel v. Dawdy*, 107 Ill. 2d 68, 76 (1985), our supreme court observed that the Act "sets out when a demand in writing is necessary to maintain an action for forcible entry and detainer" and held that "[n]o demand in writing is necessary to maintain an action for possession of land under section 9-102(a)(2) [citation] or other parts of the statute which do not set out the statutory requirement of a prior demand." In contrast, the five-day notice defendant argues he was entitled to pursuant to section 9-209 states that "[a] *landlord* or his or her agent may, any time after rent is due, demand payment thereof and notify the *tenant*, in writing, that unless payment is made within a time mentioned in such notice, not less than 5 days after service thereof, the lease will be terminated." (Emphases added.) 735 ILCS 5/9-209 (West 2016). If the tenant does not pay the rent due within the time frame mentioned in the notice, "the landlord may consider the lease ended, and sue for the possession under the statute in relation to forcible entry and detainer, or maintain ejectment without further notice or demand." *Id.*

¶ 22    Here, plaintiffs do not indicate under which subsection of section 9-102 of the Act they bring the complaint. That is of no consequence, however, where the record demonstrates that there was no landlord-tenant relationship between the parties to require a five-day notice pursuant to section 9-209. First, plaintiffs did not allege there was a lease in the complaint, and no lease was attached to the complaint. The complaint does not directly or by inference refer to

- 5 -

him as a tenant; it merely states that defendants are in possession of the property and are indebted to the property owner for past-due rent. Second, in a response to a motion filed before this court by plaintiffs, the plaintiffs state that "Matthews has no contractual right to possession of the Premises as he has never been a party to the Lease or paid rent."[2] Further, a copy of the lease was attached to that response and does not contain defendant's name. The only tenant on the lease is Laskeshia Odoms, who appeared in court the same day as defendant and whose right to possession was terminated. Third, the only reference to defendant as a "tenant" in the record appears in his own motions and affidavits. Importantly, we also do not have the benefit of a record of proceedings, and thus we do not know what representations defendant made when he appeared before the circuit court. In such an instance as this where the record is so deficient, we must defer to the judgment of the circuit court and presume it acted in accordance with the law. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 393-94 (1984).

¶ 23    Defendant next contends that the circuit court erroneously struck his jury demand and that this alone constitutes reversible error. Both parties herein had the right to have their dispute tried by a jury. 735 ILCS 5/9-108 (West 2016). As provided in *First Bank of Oak Park v. Carswell*, 111 Ill. App. 3d 71, 73 (1982), a defendant in a forcible entry and detainer action is required to file his or her jury demand by the time he or she is required to appear.

¶ 24    In the instant case, defendant was required to appear by July 28, 2017. On that date, defendant failed to appear in court, and an order for possession in favor of plaintiffs was entered. Subsequently, on August 1, 2017, defendant filed his jury demand. Accordingly, the jury demand was not filed by the deadline; therefore no error occurred. See *id.*

¶ 25    Defendant further contends that the circuit court erred when it did not hold an evidentiary hearing on his motion to quash where he had filed a counteraffidavit demonstrating that he could have been found with due diligence.

¶ 26    We review *de novo* the circuit court's decision regarding personal jurisdiction. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. Personal jurisdiction can be established by service of process in accordance with statute or by a party's voluntary submission to the court's jurisdiction. *Id.* ¶ 18. Section 2-301(a) of the Code provides that, "*[p]rior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear*, a party may object to the court's jurisdiction over the party's person *** on the ground of insufficiency of process or insufficiency of service of process, by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding or by filing a motion to quash service of process." (Emphasis added.) 735 ILCS 5/2-301(a) (West 2016). If the party objecting to jurisdiction files a responsive pleading or a motion outside the exception listed in section 2-301(a) of the Code, the party waives all objections to the court's jurisdiction over that party. *Id.* § 2-301(a-5).

¶ 27    We find that defendant had submitted to the court's jurisdiction. The record demonstrates that on July 27, 2017, defendant filed a motion to dismiss the forcible entry and detainer action pursuant to section 2-619 of the Code, alleging Goodwin lacked standing to bring the suit. Defendant did not argue that he was not properly served with the complaint. By filing this motion defendant submitted to the court's jurisdiction. Thus, defendant waived all objections to the court exercising personal jurisdiction over him according to the plain language of section

---

[2]Plaintiffs filed a response to defendant's emergency motion to reconsider this court's denial of an emergency motion to stay. Thereafter, plaintiffs' counsel withdrew from the case.

2-301(a) and (a-5) of the Code. See *Resurgence Capital, LLC v. Kuznar*, 2017 IL App (1st) 161853-U, ¶ 24. Accordingly, because defendant waived his objections to personal jurisdiction, he was not entitled to an evidentiary hearing on his motion to quash.

¶ 28    Lastly, defendant argues the circuit court erred in granting Goodwin's oral motion to amend the complaint. According to defendant, Goodwin provided no written motion and no notice to him that the complaint was going to be amended. "Whether to allow an amendment of a complaint is a matter within the sound discretion of the trial court, and, absent an abuse of discretion, the court's determination will not be overturned on review." *Village of Wadsworth v. Kerton*, 311 Ill. App. 3d 829, 842 (2000). "An abuse of discretion will be found only where no reasonable person would take the view adopted by the trial court." *Keefe-Shea Joint Venture v. City of Evanston*, 364 Ill. App. 3d 48, 61 (2005).

¶ 29    Section 2-616(a) of the Code provides that, at any time before final judgment, the court may permit amendments on just and reasonable terms to enable the plaintiff to sustain the claim brought in the suit. 735 ILCS 5/2-616(a) (West 2016). Given the broad discretion a trial court exercises in ruling on motions to amend pleadings prior to final judgment, a court should not find that the denial of a motion to amend is prejudicial unless there has been a manifest abuse of discretion. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273-74 (1992). In considering whether a circuit court abused its discretion in ruling on a motion for leave to file an amended complaint, the reviewing court considers the following factors: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Id.* at 273.

¶ 30    Here, after defendant filed a motion to dismiss based on allegations that Goodwin was not the owner of the property, Goodwin moved to amend the complaint to add Rabideau, the owner of the property, as an additional plaintiff. Defendant was thus not prejudiced or surprised by this proposed amendment, as he was the one who provided documents to the court and opposing counsel regarding Rabideau's status as the owner of the property. The amendment to the complaint was also timely, as it occurred before the entry of the order of possession. While Goodwin could have amended the complaint at an earlier date, the complaint had been filed less than two months before. Considering these factors, we conclude the circuit court did not abuse its discretion when it granted Goodwin's oral motion to amend the complaint.

¶ 31                                    CONCLUSION

¶ 32    For the reasons stated above, we affirm the determination of the circuit court of Cook County.

¶ 33    Affirmed.

¶ 34    JUSTICE GORDON, specially concurring:

¶ 35    I agree with the majority on all of the issues except for the service of the five-day notice. Defendant claims that he was given the notice from another resident in the building after the lawsuit was filed. That type of service would be valid if done at least five days before the filing of the lawsuit for eviction for the failure to pay past-due rent. However, in the case at bar and in

defendant's brief before this court, there is no evidence or even mention that defendant was a tenant. In fact, on the lease the defendant attached to a motion filed before this court, he is not listed as a tenant, and if he was not a tenant, he may not be subject to a five-day notice. Defendant attached two different five-day notices, one not dated and without an affidavit of service. The other notice is properly filled out.

¶ 36 When a tenant fails to pay rent on the due date, the landlord must serve a five-day notice. 735 ILCS 5/9-209 (West 2016). The notice must demand payment of a "sum certain" (*Weinberg v. Warren*, 340 Ill. App. 365, 368 (1950)), must adequately describe the premises (735 ILCS 5/9-209 (West 2016)), must notify the tenant of his right to pay rent with the five-day period (*Elizondo v. Medina*, 100 Ill. App. 3d 718, 721 (1981)), and must notify the tenant that, if rent is not paid within five days of receipt, the tenancy will be terminated (*Bank of Belleville v. Stidimire*, 119 Ill. App. 3d 73, 78 (1983)).

¶ 37 In the case at bar, we do not have a complete record. As noted, there is no report of proceedings or bystander's report, so we do not know when defendant received the five-day notice. We do not know what type of tenancy existed, whether it was month-to-month, week-to-week, or what it was. We do not know whether defendant was even a tenant, as he does not refer to himself as a tenant in the brief he filed before this court, nor is he on the lease. We do not know whether he was merely a trespasser. The landlord filed no brief, and we really do not know whether the trial court held a hearing on the five-day notice issue. This record tells us nothing. As a result, there is no evidence for this court to review to determine the issue of the five-day notice. In fact, we do not know whether either notice was presented to the trial court because there is no report of proceedings or a bystander's report. Under these circumstances, we have no tools to guide us to give defendant the relief he asks.