2020 IL App (1st) 190146-U

SIXTH DIVISION
March 13, 2020

No. 1-19-0146

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| EXCHANGE CONDOMINIUM ASSOCIATION, | ) | Appeal from the Circuit |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ISAIAH HATCHER, JR. and ALL UNKNOWN | ) | No. 2018 M1 715960 |
| OCCUPANTS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable David A. Skryd, |
| (Isaiah Hatcher, Jr., Defendant-Appellant). | ) | Judge Presiding. |

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Mikva and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1    *Held:*    Failure of condominium association to follow requirements of Forcible Entry and Detainer Act for serving 30-day notice and demand would not deprive circuit court of subject matter jurisdiction; circuit court had subject matter jurisdiction because the association alleged a justiciable matter; affirmed.

¶ 2    Defendant, Isaiah Hatcher, Jr., appeals an eviction order entered by the circuit court that awarded possession of a condominium unit to plaintiff, Exchange Condominium Association (Association),

and required Hatcher to pay $32,820.73 in unpaid assessments and court costs. On appeal, Hatcher contends that the circuit court did not have subject matter jurisdiction because the Association did not follow the requirements for serving a 30-day notice and demand under the Forcible Entry and Detainer Act (Act) (735 ILCS 5/9-101 *et seq.* (West 2016)). We affirm.

¶ 3    On October 2, 2018, the Association filed a complaint that sought possession of a condominium unit at 7642 South Exchange in Chicago, as well as unpaid assessments and costs from August 21, 2014, to August 11, 2018. The named defendants were First Nations Bank Land Trust and all unknown occupants.

¶ 4    On October 22, 2018, Hatcher filed a motion for leave to intervene, stating that he bought the condominium unit at issue at a judicial sale in August 2014 and placed it in a land trust known as First Nations Bank Land Trust #C1603. First Nations Bank was the trustee and Hatcher was the beneficiary with the right to possession, power of direction, and all other aspects of ownership. Hatcher also noted that the Association had filed a forcible entry and detainer action against the former owner of the subject unit on April 19, 2018. After a default judgment and possession order were entered against the former owner, Hatcher intervened, and the default judgment and possession order were vacated. In the current matter, Hatcher sought leave to intervene and appear so he could represent and defend his interest in the condominium unit at issue. Two documents were attached to the motion: 1) a certificate of sale indicating that First Nations Bank Land Trust #C1603 had purchased the unit at the August 2014 judicial sale, and 2) an order approving sale and distribution and order of possession for the unit, which stated that the purchaser at the judicial sale was First Nations Land Bank Trust #C1603.

¶ 5    On October 23, 2018, the court granted the Association a voluntary nonsuit against First Nations Bank Land Trust and leave to file an amended complaint that named Hatcher as a

defendant. The court also granted Hatcher leave to intervene and to file his appearance. The next day, the Association filed an amended complaint against Hatcher and all unknown occupants seeking the same relief that was set forth in the initial complaint.

¶ 6     On November 2, 2018, Hatcher filed an answer and affirmative defenses, asserting in part that the Association had failed to serve the owner of the unit with the required 30-day notice and demand for payment of unpaid assessments, which was fatal to the Association's action.

¶ 7     According to the bystander's report that was filed in this case, the matter went to trial on November 19, 2018. There, the manager of the Association testified that he sent a 30-day notice and demand to the owner of record for the unit—First Nations Bank Land Trust #C1603, with an address of 875 North Michigan Avenue, Suite 3100, in Chicago. Hatcher testified that "he never placed the property in trust" and admitted that he did not pay any assessments after acquiring the property. Ultimately, the court awarded possession of the unit to the Association and entered a money judgment in the amount of $32,820.73.

¶ 8     On December 18, 2018, Hatcher filed a motion to reconsider, asserting that there was nothing in the record to indicate that he was served with the required 30-day notice and demand. Hatcher stated that the failure to serve a 30-day notice and demand on the owner of a condominium unit is fatal to a complaint and deprives the court of subject matter jurisdiction.

¶ 9     In response, the Association asserted it fully satisfied the statutory requirements when it mailed the 30-day notice and demand to the owner of record, First Nations Bank Land Trust #C1603, via certified mail on August 20, 2018. According to the Association, Hatcher never received the 30-day notice and demand because he failed to set up the trust. Thus, Hatcher was estopped from claiming that he did not receive the 30-day notice and demand letter. Attached to the Association's response was a copy of the 30-day notice and demand that was admitted at trial.

Certified mail receipts indicated that the 30-day notice and demand was sent to First Nations Bank Land Trust #C1603, 875 North Michigan Avenue, Suite 3100, as well as to First Nations Bank Land Trust #C1603, 7757 West Devon Avenue, both in Chicago. Tracking information from the United States Postal Service indicated that the items were delivered.

¶ 10    On January 2, 2019, the court denied Hatcher's motion to reconsider.

¶ 11    On appeal, Hatcher contends that the circuit court did not have subject matter jurisdiction because the Association did not properly serve a 30-day notice and demand under the Act. Hatcher asserts that the Association did not mail the 30-day notice and demand to the condominium owner, which was Hatcher, and further, the 30-day notice and demand was not sent with return receipt requested. Hatcher argues that failure to strictly follow the procedures for serving the 30-day notice and demand warrants dismissal for lack of subject matter jurisdiction, and so the eviction order should be reversed and vacated and the case dismissed.

¶ 12    An action for forcible entry and detainer may be maintained based on failure to pay condominium assessments after a Board of Managers or its agents serve a demand according to the following requirements (735 ILCS 5/9-102(a)(7) (West 2016)):

> "(a) [I]n the case of condominium property, the demand shall give the purchaser under such contract, or to the condominium unit owner, as the case may be, at least 30 days to satisfy the terms of the demand before such an action is filed. In case of a condominium unit, the demand shall set forth the amount claimed which must be paid within the time prescribed in the demand and the time period or periods when the amounts were originally due[.] ***
>
> ***

(c) The demand *** shall be served either personally upon such purchaser or condominium unit owner or by sending the demand thereof by registered or certified mail with return receipt requested to the last known address of such purchaser or condominium unit owner ***." 735 ILCS 5/9-104.1 (West 2016).

Of note, Hatcher does not acknowledge that the 30-day notice and demand may be sent to the purchaser of the unit, not just the unit owner.

¶ 13     Regardless, a failure to follow the above requirements would not affect the circuit court's subject matter jurisdiction. As it is a question of law, we review *de novo* whether a circuit court has subject matter jurisdiction to entertain a claim. *In re Megan G.*, 2015 IL App (2d) 140148, ¶ 20. Subject matter jurisdiction is "the power of a court to hear and determine cases of the general class to which the proceeding in question belongs." *Goodwin v. Matthews*, 2018 IL App (1st) 172141, ¶ 14. Hatcher relies on an outdated framework for subject matter jurisdiction. Under the Illinois Constitution adopted in 1870, the circuit court's jurisdiction over special statutory proceedings—those that had no roots at common law or equity—was derived from the legislature. *Id*. In *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325 (2002), and *LVNV Funding, LLC v. Trice*, 2015 IL 116129, our supreme court explained that following a constitutional amendment, except in the area of administrative review, the circuit court's subject matter jurisdiction is conferred by the Illinois Constitution, not the legislature. A 1964 amendment to the Illinois Constitution granted circuit courts " 'original jurisdiction of all justiciable matters, and such powers of review of administrative action as may be provided by law.' " *LVNV Funding, LLC*, 2015 IL 116129, ¶ 30 (quoting Ill. Const. 1870, art. VI (amended 1964), § 9). "The current Illinois Constitution, adopted in 1970, retained this amendment and provides that 'Circuit Courts shall have original jurisdiction of all justiciable matters' and that 'Circuit Courts shall have such

power to review administrative action as provided by law.' " *Id*. (quoting Ill. Const. 1970, art. VI, § 9). To invoke the circuit court's subject matter jurisdiction, a plaintiff's case, as framed by the complaint, must present a justiciable matter, meaning that it presents "a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Belleville Toyota, Inc.*, 199 Ill. 2d at 334-35.

¶ 14 Based on the above, it is contrary to our state constitution to suggest that the legislature, in defining a justiciable matter, may impose nonwaivable conditions precedent to a court's exercise of jurisdiction. *Id*. at 335-36. Other than the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution. *Id*. at 334. The failure to comply with a statutory provision may be a defense, but that failure does not deprive the circuit court of subject matter jurisdiction. *Prairie Management Corp. v. Bell*, 289 Ill. App. 3d 746, 752 (1997) (citing *Morris v. Martin-Trigona*, 89 Ill. App. 3d 85 (1980)). See also *Goodwin*, 2018 IL App (1st) 172141, ¶ 18 (based on *Belleville Toyota* and its progeny, rejecting the contention that the circuit court lacked subject matter jurisdiction based on any purported failure to strictly comply with the notice requirements of the Act). The cases that Hatcher relies on—*Avdich v. Kleinert*, 69 Ill. 2d 1 (1977), *Figueroa v. Deacon*, 404 Ill. App. 3d 48 (2010), and *American Management Consultant, LLC v. Carter*, 392 Ill. App. 3d 39 (2009)—either themselves predate or are based on authority that predates *Belleville Toyota*. See *Goodwin*, 2018 IL App (1st) 172141, ¶ 19 (discussing cases). The Association's alleged failure to comply with the Act's notice requirements is not a basis for challenging the circuit court's subject matter jurisdiction.

¶ 15    Here, the Association's complaint against Hatcher alleged a definite and concrete controversy under the Act, which established a justiciable matter. See *id*. ¶ 20. Thus, the court had subject matter jurisdiction. Hatcher presents no other reasons to disturb the circuit court's judgment. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing").

¶ 16    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 17    Affirmed.