2023 IL App (1st) 211480-U

No. 1-21-1480

Order filed March 24, 2023

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| DANIEL HYMAN, RECEIVER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2019 M1 715305 |
| | ) | |
| CLUB MEADOWS REALTY, LLC, | ) | Honorable |
| | ) | Sondra N. Denmark, |
| Defendant-Appellant. | ) | Judge presiding. |

JUSTICE MITCHELL delivered the judgment of the court.
Presiding Justice Delort and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the trial court's denial of defendant's section 2-1401 petition because it presented no basis to collaterally attack the trial court's eviction order for lack of jurisdiction. Further, the trial court acted within its discretion in concluding that defendant failed to exercise due diligence where the record established that 17 months had elapsed and defendant articulated no legitimate reason for the delay.

¶ 2    Defendant Club Meadows Realty, LLC appeals the trial court's order denying its postjudgment petition to vacate an eviction order pursuant to section 2-1401 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-1401 (West 2020). Club Meadows Realty argues that deficiencies in the 10-day notice and demand for possession of the property render the trial court's eviction order void or voidable. The appeal raises the following issues: (1) does a landlord's failure

to provide notice of default in strict compliance with section 9-209 of the Forcible Entry and Detainer Act (735 ILCS 5/9-209 (2018)) deprive the trial court of jurisdiction to enter an eviction order; and (2) did the trial court abuse its discretion in denying postjudgment relief to Club Meadows Realty for failure to exercise due diligence in filing a section 2-1401 petition (735 ILCS 5/2-1401 (West 2020))? Because the answer to both questions is "no," we affirm.

¶ 3                                    **BACKGROUND**

¶ 4      Club Meadows Realty executed a five-year lease commencing on April 1, 2015, for commercial property located at 2950 West Golf Road in Rolling Meadows, Illinois. Under the lease, Club Meadows Realty owed $30,000 before the fifth day of each month. In 2019, Daniel Hyman, the count-appointed receiver for the property, gave Club Meadows Realty notice that failure to pay seven months' rent within 10 days would result in the lease's termination. In total, Club Meadows Realty owed $210,000. The 10-day notice provided:

> "Only FULL PAYMENT OF THE ABOVE AMOUNT DUE WILL WAIVE THE
>
> LANDORD'S RIGHT TO TERMINATE THE LEASE UNDER THIS NOTICE."

¶ 5      After Club Meadows Realty failed to cure the default, Hyman filed a complaint in the trial court to evict Club Meadows Realty. Despite having been served with copies of the summons and complaint, Club Meadows Realty neither responded to the allegations nor appeared by counsel at the scheduled hearing. A representative for Club Meadows Realty, Madan Kulkarni, attests to having been present for the hearing, but he did not hear the trial court call his case. In Club Meadow Realty's absence, the trial court entered an eviction order.

¶ 6      Over the next several months, Club Meadows Realty filed several motions to vacate the eviction order, to stay its enforcement, and to restore possession of the property—all of which the

trial court denied.[1] Seventeen months later, Club Meadows Realty filed a postjudgment petition to vacate the eviction order pursuant to section 2-1401 of the Illinois Code of Civil Procedure, challenging the trial court's authority to enter the order because of defects in the 10-day notice. See 735 ILCS 5/2-1401(a), (f) (West 2020). Specifically, Club Meadows Realty argued that the notice omitted statutorily prescribed language concerning the effect of partial repayment and prematurely claimed rent in excess of the amount actually owed under the lease. The trial court heard arguments and, on October 10, 2021, denied postjudgment relief, reasoning that Club Meadows Realty "failed to demonstrate diligence in filing [the] Petition." This timely appeal followed. Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016).

¶ 7                                    **ANALYSIS**

¶ 8      Club Meadows Realty argues that it was not required to show due diligence because its postjudgment petition challenged the trial court's authority to enter the order, thus raising a pure question of law. Plaintiff responds that any alleged defect in the 10-day notice would not have deprived the trial court of jurisdiction to enter the eviction order. Although a section 2-1401 petition ordinarily brings facts to the attention of the trial court that, if known at the time of judgment, would have precluded its entry, a petitioner may also raise a purely legal issue. 735 ILCS 5/2-1401(f); *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 94 (2006). We review *de novo* a trial court's denial of a postjudgment petition that raises a purely legal challenge to a final order. *Warren County Soil & Water Conservation Dist. v. Walters*, 2015 IL 117783, ¶ 47.

---

[1] The trial court denied Club Meadows Realty's last motion to restore possession of the property on February 18, 2020, and Bobs, LLC replaced Hyman as the plaintiff in the proceedings on that same date.

¶ 9 Club Meadows Realty argues that the eviction order is "voidable" because plaintiff omitted the proviso, "unless the landlord agrees in writing to continue the lease in exchange for receiving partial payment," when giving notice that only full payment of the overdue rent within 10 days would cure the default. See 735 ILCS 5/9-209 (West 2018). In its postjudgment petition, however, Club Meadows Realty alleged that plaintiff's failure to strictly comply with section 9-209 resulted in a facially defective notice that renders the eviction order "void." Club Meadows Realty suggests that the terms "void" and "voidable" are interchangeable. This is not so.

¶ 10 A final judgment is void only where it is entered by a court without jurisdiction, either as to the subject matter or as to the parties. *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶¶ 38-39; *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998). A void judgment is a nullity and subject to a collateral attack at any time, and a defendant seeking postjudgment relief in such a case is not required to demonstrate a meritorious defense or due diligence in a section 2-1401 petition. *Warren County*, 2015 IL 117783, ¶ 48. A voidable judgment, in contrast, is an erroneous judgment entered by a court with jurisdiction (*Mitchell*, 181 Ill. 2d at 174), and to be subject to collateral attack, a defendant must demonstrate: (1) the existence of a meritorious defense or claim; (2) due diligence presenting the defense or claim to the trial court; and (3) due diligence in filing the section 2-1401 petition (735 ILCS 5/2-1401(a); *Warren County*, 2015 IL 117783, ¶ 51).

¶ 11 Here, any facial defect in plaintiff's 10-day notice did not deprive the trial court of jurisdiction to enter the eviction order. Illinois courts have original jurisdiction over all justiciable matters (Ill. Const. 1970, art. VI, § 9), and a plaintiff's failure to satisfy a statutory prerequisite cannot deprive the trial court of its authority to hear a cause of action (*Trice*, 2015 IL 116129, ¶¶ 33-34 (citing *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335-37

(2002)). "With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution." *Belleview Toyota*, 199 Ill. 2d at 334. While a defect in a landlord's notice, if properly raised before the trial court, can defeat a landlord's right to dispossess a tenant of leased property, section 9-209 does not impose a condition precedent to the trial court's exercise of jurisdiction. *Goodwin v. Matthews*, 2018 IL App (1st) 172141, ¶¶ 19-20; *Prairie Management Corp. v. Bell*, 289 Ill. App. 3d 746, 752 (1997) (citing *Morris v. Martin-Trigona*, 89 Ill. App. 3d 85 (1980)) ("[T]he failure to comply with the statutory notice requirements may serve as a defense but it does not deprive the court of subject-matter jurisdiction.").

¶ 12　Club Meadows Realty points to no defects in the service of the summons and complaint from which we may conclude that the trial court's entry of the eviction order violated its due process rights (see *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 109 (2002) (defective service of process may deprive a trial court of personal jurisdiction over a defendant)). The complaint presented a definite and concrete controversy, establishing the existence of a justiciable matter over which the trial court had jurisdiction. Thus, the eviction order is not void.

¶ 13　Now Club Meadows Realty contends that it challenged the trial court's authority, not its jurisdiction. For the first time on appeal, it asserts that the order was *voidable* based on the omitted language in plaintiff's notice. Club Meadows Realty never presented this argument to the trial court. Club Meadows Realty argued below that the alleged defects deprived the trial court of "jurisdictional authority" to enter the eviction order. Thus, this argument is forfeited. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 229 (1986) (arguments not raised as meritorious defense in a

postjudgment petition are forfeited on appeal); *Calvary Portfolio Services v. Rocha*, 2012 IL App (1st) 111690, ¶ 19 (same). Forfeiture aside, the argument fails on the merits.

¶ 14    The trial court concluded that Club Meadows Realty failed to demonstrate due diligence in filing the petition. A petitioner's due diligence is judged by the reasonableness of the petitioner's conduct under the circumstances, and relevant to that inquiry is any delay in seeking postjudgment relief and the underlying reasons for the delay. *Gerald Adelman & Associates*, 223 Ill. 2d at 99-100. Where a petitioner presents a fact-dependent basis for vacating a judgment, the question of whether postjudgment relief should be granted depends on the facts and equities presented, and we will not disturb the trial court's discretion where reasonable persons could differ as to its decision. *Warren County*, 2015 IL 117783, ¶ 51.

¶ 15    Here, the record reflects that 17 months had elapsed from when the trial court denied its motion to restore possession of the property before Club Meadows Realty sought postjudgment relief. Club Meadows Realty broadly references COVID-19 and the governor's emergency declarations but does not explain, in any detail, how they prevented prompter presentation of its postjudgment petition. On the contrary, Club Meadows Realty acknowledges that it was actively litigating a related matter throughout those 17 months. See, *e.g.*, *NP SCH MSB, LLC v. Pain Treatment Centers*, 2021 IL App (1st) 210198, ¶ 31 (defendant's postjudgment petition denied where he failed to elaborate how his COVID-19 diagnosis affected his diligence in pursuing his defense below); *Harris Bank, N.A. v. Harris*, 2015 IL App (1st) 133017, ¶ 65 (due diligence was lacking where defendant waited 15 months to seek postjudgment relief from an order confirming a foreclosure sale). Club Meadow Realty's naked assertion "COVID-19 pandemic" is no more persuasive than that time-honored but fabricated excuse of schoolchildren, "The dog ate my

homework." On this record, we cannot say that the trial court abused its discretion in concluding that Club Meadows Realty failed to show due diligence in seeking postjudgment relief.

¶ 16     Club Meadows Realty was also required to set forth specific factual allegations supporting the existence of a meritorious defense to the eviction action. *Warren County*, 2015 IL 117783, ¶ 51. Club Meadows Realty asserted that plaintiff prematurely claimed rent in excess of what was owed under the lease and that plaintiff was required to make a new demand once other payments became overdue. Plaintiff's section 9-209 notice demanded $210,000 for rent owed over seven months from March through September 2019. Though the notice was dated and acknowledged by a notary on September 5, 2019, plaintiff averred to personally serving Club Meadows Realty with the notice on April 3, 2019. According to Club Meadows Realty, only the rent due in March 2019 could have been overdue by that date.

¶ 17     Regardless of any amount by which the notice might have overstated the overdue rent, "the fact that the 10-day notice may have demanded more than the plaintiff was entitled does not invalidate the notice." *Burnham Management Co. v. Davis*, 302 Ill. App. 3d 363, 272 (1998). Nor would a landlord's failure to include additional delinquent payments preclude a landlord's recovery if the evidence at trial establishes that the amount is owed. *American Management Consultant, LLC v. Carter*, 392 Ill. App. 3d 39, 52 (2009). The purpose of a section 9-209 notice is to adequately inform the tenant of the landlord's intent to end the tenancy. *Bell*, 289 Ill. App. 3d at 750. Here, Club Meadows Realty did not deny receipt of the notice or challenge its default under the lease. Nor did Club Meadows Realty indicate that it tendered *any* rental payments from March through September 2019. Plaintiff demanded possession of the property, not damages, and Club

Meadows Realty failed to allege facts that would have defeated plaintiff's rights to terminate the lease and to regain possession of the land.

¶ 18    Club Meadow Realty's argument that the omitted language in plaintiff's notice rendered it voidable also fails. Plaintiff put Club Meadows Realty on notice that unless it paid $210,000 within 10 days, plaintiff would deem the lease terminated. Under section 9-209, to prevent invalidation of the notice where a tenant partially repays the amount demanded during the notice period, "the notice must prominently state: 'Only FULL PAYMENT of the rent demanded in this notice will waive the landlord's right to terminate the lease under this notice, unless the landlord agrees in writing to continue the lease in exchange for receiving partial payment." 735 ILCS 5/9-209; see also *Davis*, 302 Ill. App. 3d at 273 ("[I]t is well settled that the defendant must pay the entire amount due to escape the effect of the effect of a five-day notice."). As noted above, Club Meadows Realty made no averments of subsequent rental payments, which might have indicated that plaintiff waived its right to terminate the lease. See *Midland Management Co. v. Helgason*, 158 Ill. 2d 98, 102 (1994) ("[E]vidence of acts inconsistent with a declaration of a termination of the lease may prove waiver of the breach, which operates to reinstate the lease."). Thus, Club Meadows Realty's postjudgment petition presented no facts supporting a meritorious defense to plaintiff's eviction action.

¶ 19                                    **CONCLUSION**

¶ 20    For the reasons explained above, we affirm the trial court's judgment.

¶ 21    Affirmed.