THIRD DIVISION
August 25, 2010

No. 1-09-1844

| | | |
|---|---|---|
| MIKE FIGUEROA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 08 M1 725744 |
| | ) | |
| KATHRYN DEACON and JAMES DEACON, | ) | |
| | ) | Honorable |
| Defendants-Appellants. | ) | Sheldon C. Garber, |
| | ) | Judge Presiding. |

JUSTICE STEELE delivered the opinion of the court:

Following a bench trial, defendants Kathryn Deacon and James Deacon appeal from an order of the circuit court granting possession of rental premises and a money judgment for past-due rent and costs in the amount of $8,782.20 to plaintiff, Mike Figueroa. For the following reasons, we reverse.

BACKGROUND

Procedural History

Kathryn and Figueroa entered into a one-year written rental agreement on December 1, 2006 (original lease), for premises located at 5627 West Lawrence Avenue in Chicago. James is Kathryn's adopted son who is disabled and lived with her in the apartment. Her adopted daughter Lynda also resided in the apartment.[1] Under the terms of the original lease, the rental payment was $800 per month, which was allegedly a downward adjustment by approximately

---

[1]At the time of the original written lease agreement, both James and Lynda were minors. James was born on April 21, 1990; Lynda was born on August 26, 1991.

$200 because Kathryn would also be paying to heat the basement area.

Kathryn and her children occupied the apartment during the entire lease term. However, during the lease term, disputes arose between Kathryn and Figueroa regarding rental payments and utility payments for the basement apartment and laundry room. Subsequently, in December 2007, Figueroa and Kathryn, who was represented by counsel, met and attempted to resolve issues pertaining to the amount Kathryn owed in back rent, credits she was owed for overpayment of utility bills, and obligations of both parties under a new proposed one-year lease for the apartment. The parties then entered into a new one-year lease (new lease) in December 2007. The new lease was essentially a modified original lease, which contained additional handwritten portions initialed by both parties. The new lease provided for a new lease term expiring in December 2008, the security deposit was deemed paid in full, a changed amount was set for the late charges, and the amount of Kathryn's responsibility for utility charges was set. She would be entitled to an offset against monthly rent if the charges exceeded the set amount. Additionally, Figueroa agreed to "start fresh," waiving all past rent and security deposit issues.

On June 18, 2008, Figueroa filed a complaint (case number 08 M1 715273) for possession of the premises and a monetary judgment against Kathryn. The complaint alleged a balance due of $1,073.13, which included late charges, interest and fines. Additionally, the complaint indicated service of a five-day notice to Kathryn by personal delivery and certified mail. Copies of the five-day notice, a certified mail payment receipt, and certified mail return card with Kathryn's signature were attached to the complaint.

In response to the complaint, Kathryn filed a motion to dismiss pursuant to section 2-619

1-09-1844

of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2008)) and counterclaims.

Figueroa filed a motion to dismiss Kathryn's counterclaims. On September 8, 2008, the trial

court entered an order granting Kathryn's motion to dismiss, waived Figueroa's refiling fee, and

set a briefing schedule and hearing (for October 8, 2008) on the motion to dismiss the

counterclaims.

On September 30, 2008, Figueroa filed a second complaint seeking possession of the

premises and a monetary judgment against Kathryn for $3,772.20. Copies of a five-day notice

(second five-day notice) and a certified mail payment receipt were attached to the second

complaint. On October 8, 2008, an order was entered in the first complaint case, indicating: (1)

a second complaint had been filed and the case was pending; (2) Kathryn's verbal motion to

voluntarily dismiss her pending counterclaims was granted without prejudice, and (3) Kathryn's

filing fees in the new action were waived. The second complaint was dismissed for want of

prosecution sometime around October 21, 2008, but was later reinstated. A motion for summary

judgment was granted by default, but was later vacated and denied. Kathryn filed affirmative

defenses to the second complaint. Figueroa's motion to strike the affirmative defenses was

denied.

One of Kathryn's affirmative defenses alleged that on November 3, 2008, Figueroa

served a notice of expiration and nonrenewal of lease and termination of tenancy (notice of

nonrenewal) on her, that the nonrenewal in essence served as an acknowledgment of an ongoing

lease agreement and defeated Figueroa's claim that the new lease was terminated by service of

the second five-day notice, and that an action by a landlord which serves to reaffirm the existence

3

of a lease after filing an eviction action served to eliminate the effect of the prior five-day notice and terminate the trial court's jurisdiction. The trial court, however, ruled that service of the notice of nonrenewal did not constitute a reinstatement of the tenancy. After denying Figueroa leave to file counterclaims, the court set the matter for trial.

Trial Proceedings

At the bench trial, Figueroa testified that he rented the apartment to Kathryn in December 2006. Rent for the apartment was $1,200 to $1,300 per month, but because meters were not installed in the building, rent was set at $800 per month. Regarding the second five-day notice, Figueroa testified that he "remember[ed] putting the copy in the door, the one under the door," but that he never served anything personally on anyone in the household, despite his affidavit to the contrary. Figueroa stated he had not received rent from Kathryn for the prior 12 months, and there was an amount due of $9,840. He decided to evict Kathryn because she failed to pay the rent.

Kathryn testified that during her prelease discussions with Figueroa, he indicated that her utility costs would not exceed $200 per month and that her rent would be lower than similar apartments because she would be paying utilities for the basement apartment. Under the terms of the new lease, Kathryn indicated that she and Figueroa agreed to a $275 payment toward utilities and that any overage would either be paid by Figueroa or deducted by Kathryn from her monthly rent. The court inquired about the amounts Kathryn paid in 2008. The parties went through receipts and money order records in an attempt to determine what amounts were paid for utilities and what amounts were tendered to and accepted by Figueroa. Kathryn's attorney attempted to

4

question her regarding issues with the apartment dating back to 2006. However, Figueroa's counsel objected on the basis of relevance. The trial court sustained the objection, finding that events occurring before the new lease were resolved by the new lease and the only relevant time period was the term covered by the new lease.

Because Kathryn's counsel believed that evidence of ongoing facts predating the new lease was relevant to prove the affirmative defense of retaliatory eviction, he presented an offer of proof. The offer of proof included facts indicating that Kathryn first made complaints to Figueroa in January 2007, that she wrote a letter to Figueroa in March 2007 concerning various building code violations and complaints about utility bills, that she complained of repairs needed for the property, and that her complaints continued from that time until after the second complaint was filed. In response, the trial court again reiterated that in negotiating the new lease, Kathryn "probably waived all of her claims she might have had." Additionally, the court found there was consideration given for the settlement of any claims that arose prior to the new lease.

Kathryn testified that the new meters had not been completely installed as of the trial date and that she had ongoing disputes with Figueroa about what the net rent should be. According to Kathryn, every month since the new lease began, Figueroa indicated that he just wanted the $800 monthly rent and did not want any part of utility bills. She stated that she tendered payment to Figueroa, along with receipts for utility bills. Kathryn further testified that every attempt to discuss the utility bills with Figueroa was unsuccessful and he refused to take anything except the full amount of rent.

After the parties rested, the trial court determined a final amount due to Figueroa from

Kathryn. The trial court again restated its finding that the notice of nonrenewal did not reinstate the lease and that it was not inconsistent with the termination of the tenancy, and entered a monetary judgment for $3,301.20 and an order of possession that was stayed for 30 days. Kathryn's motion for reconsideration was denied and this timely appeal followed.

DISCUSSION

On appeal, Kathryn contends the judgment order is void because Figueroa failed to satisfy the statutory requirements for service of a demand or notice pursuant to section 9-211 of the Code (735 ILCS 5/9-211 (West 2008)) and the trial court had no jurisdiction. Additionally, Kathryn contends Figueroa waived termination of the lease, despite the trial court's finding to the contrary.

Kathryn first contends that the second five-day notice was improperly served, because Figueroa admitted that he only slid a copy of the notice under the door and posted it on the door rather than in the manner prescribed by statute.

Whether there is substantial compliance with a statutory provision is a question of law and our standard of review is *de novo.* Behl v. Gingerich, 396 Ill. App. 3d 1078, 1086 (2009).

A forcible detainer action is a special statutory proceeding that is in derogation of the common law. Therefore, the party requesting this relief must comply with the requirements of the statute, especially those requirements establishing the court's jurisdiction. Nance v. Bell, 210 Ill. App. 3d 97, 99 (1991). Where the statute includes a requirement that written demand is made prior to filing a complaint, the demand must be made in strict compliance with the statute or jurisdiction will not attach. Nance, 210 Ill. App. 3d at 100.

6

1-09-1844

Section 9-211 of the Code provides three methods of serving a notice of termination upon a tenant who is in actual possession of the premises. Specifically, section 9-211 provides:

> "Service of demand or notice. Any demand may be made or notice served by delivering a written or printed, or partly written and printed, copy thereof to the tenant, or by leaving the same with some person of the age of 13 years or upwards, residing on or in possession of the premises; or by sending a copy of the notice to the tenant by certified or registered mail, with a returned receipt from the addressee; and in case no one is in the actual possession of the premises, then by posting the same on the premises." 735 ILCS 5/9-211 (West 2008).

The circumstances presented in the case at bar are analogous to those presented in the recent case of American Management Consultant, LLC v. Carter, 392 Ill. App. 3d 39, 56 (2009), which we note was decided after the trial court proceedings in the case at bar.

In Carter, one of the issues raised was the landlord's failure to comply with the service requirements of section 9-211 (735 ILCS 5/9-211 (West 2008)) by posting a notice on the door when the tenant was in actual possession of the premises. The court noted prior Illinois decisions which held that the "methods of service suggested in the relevant statutes are not meant to be exhaustive" and upheld a landlord's written notice even when the method of service deviated "slightly" from those noted in the statute. Prairie Management Corp. v. Bell, 289 Ill. App. 3d 746, 752 (1997), citing Vole, Inc. v. Georgacopoulos, 181 Ill. App. 3d 1012, 1019 (1989); Ziff v.

7

Sandra Frocks, Inc., 331 Ill. App. 353, 355 (1947). However, the court specifically found Bell to be distinguishable because it did not consider the section of the statute at issue, which only allowed service by posting when the defendant was no longer in possession of the premises. Carter, 392 Ill. App. 3d at 57. In finding the service of notice defective, the court in Carter found that section 9-211 was an exhaustive list of permissible delivery methods and must be strictly enforced. Carter, 392 Ill. App. 3d at 57.

Additionally, the court found that although defendant actually did receive notice of plaintiff's forcible entry and detainer action, strictly construing the statute, as it must, "the method by which notice was 'served' require[d] a finding that defendant did not receive proper notice and preclude[d] plaintiff from obtaining relief under the statute." Carter, 392 Ill. App. 3d at 57. The court held that without proper service of notice, defendant's due process rights were violated and the court could not go forward on the purely statutory proceeding of forcible entry. Carter, 392 Ill. App. 3d at 57.

The same result must be reached in the instant case. Here, Figueroa's trial testimony indicated that he posted a copy of the notice on the door and slid another copy under the door, but never personally served anyone in the household with the notice. That method of service did not comply with the statutory methods of service for a tenant who is in actual possession of the premises, and thus was improper. As such, we must conclude, as the court did in Carter, that Kathryn's due process rights were violated and the court had no jurisdiction. Accordingly, we reverse the judgment of the trial court and dismiss the action.

Our disposition of this issue makes it unnecessary for us to consider Kathryn's other

1-09-1844

claim.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

MURPHY, P.J., and QUINN, J., concur.

9

1-09-1844

| Please Use Following Form: | |
|---|---|
| Complete TITLE of Case | MIKE FIGUEROA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>KATHRYN DEACON and JAMES DEACON,<br><br>Defendants-Appellants. |
| Docket No.<br><br>COURT<br><br>Opinion Filed | No. 1-09-1844<br>Appellate Court of Illinois<br>First District, THIRD Division<br><br>August 25, 2010<br>(Give month, day and year) |
| JUSTICES | JUSTICE STEELE delivered the opinion of the court:<br><br>Murphy, P.J., and Quinn, J.,    concur<br><br>dissent[s] |
| APPEAL from the Circuit Ct. of Cook County, Chancery Div. | Lower Court and Trial Judge(s) in form indicated in the margin:<br>Circuit Ct. of Cook County, Municipal Department<br>The Honorable  Sheldon C. Garber  , Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago.<br><br>For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel)<br><br>Also add attorneys for third-party appellants or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented.<br><br>Attorney for **Defendants-Appellants**:  Paul Bernstein, Esq., of Chicago, IL<br><br>Attorneys for **Plaintiff-Appellee**:  Delaney Law, of Chicago, IL<br>(William Delaney, of Counsel) |