# Illinois Official Reports

## Appellate Court

---

### *Villa DuBois, LLC v. El*, 2020 IL App (1st) 190182

---

| | |
|---|---|
| Appellate Court Caption | VILLA DuBOIS, LLC, Plaintiff-Appellee, v. SABEEL EL, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>No. 1-19-0182 |
| Filed | September 17, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-M1-714235; the Hon. Israel Abaya Desierto, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Sabeel El, of Chicago, appellant *pro se*.<br><br>No brief filed for appellee. |
| Panel | JUSTICE HALL delivered the judgment of the court, with opinion.<br>Presiding Justice Gordon and Justice Lampkin concurred in the judgment and opinion. |

¶ 1    This appeal arises from an eviction action filed by plaintiff, Villa DuBois, LLC against defendant, Sabeel El in the circuit court of Cook County seeking an order of possession and a money judgment under the former Forcible Entry and Detainer Act (Act) (735 ILCS 5/9-101 *et seq.* (West 2018); see also Pub. Act 100-173 (eff. Jan. 1, 2018) (replacing most references to "forcible entry and detainer" with "eviction")). Following a jury trial, the circuit court entered an eviction order that required defendant to vacate the premises by a certain date and to pay a monetary judgment in the amount of $4161.29. Defendant has appealed *pro se*, contending that (1) plaintiff did not give the required notice to him and failed to strictly comply with the statute; (2) the circuit court erred in denying his pretrial section 2-619(a)(9) (735 ILCS 5/2-619(a)(9) (West 2018)) motion to dismiss because plaintiff failed to attach a copy of the lease and five-day notice to the complaint as required by section 2-606 of the Code of Civil Procedure (Code) (*id.* § 2-606) and because plaintiff's action was premature, as there was no past due rent as required by section 9-209 of the Act (*id.* § 9-209); (3) the circuit court erred in denying "fundamental fairness" as there was no pretrial discovery, just surprises; (4) the circuit court erred in denying his 12-person jury demand and violated due process; and (5) the circuit court's denial of his motion to vacate was an abuse of discretion. For the reasons that follow, we reverse the circuit court's order and remand for a new trial.

¶ 2    Although plaintiff has not filed a brief on appeal, we will consider the appeal pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 3                                    BACKGROUND

¶ 4    According to the record, plaintiff filed an eviction complaint against defendant on September 5, 2018, in the circuit court of Cook County. The complaint alleged that plaintiff was the owner of property commonly known as 3722 South Calumet Avenue, Unit 3, in Chicago and defendant was the lessee of that property. According to defendant's lease, the monthly rental amount was $750. The complaint further alleged that on or about August 24, 2018, plaintiff "caused a proper notice of termination, in accordance with 735 ILCS 5/9-201 *et seq.*, to be served on [defendant]," based on a failure to pay rent. The notice gave defendant five days to tender the past due rent of $750, and defendant failed to pay the amount due within the notice period or prior to the filing of the complaint, and defendant continued to occupy the premises. Neither the five-day notice nor a copy of the lease was attached to the complaint.[1] Plaintiff sought possession of the premises, back rent and use and occupancy of the property, additional rent and use and occupancy through trial, late fees, and court costs.

¶ 5    On September 24, 2018, defendant filed a *pro se* appearance and jury demand for a 12-person jury.[2] The case was subsequently transferred to the presiding judge of the First Municipal District for jury trial intake on October 4, 2018. The jury trial intake date was set

---

[1]Our review of the record reveals that no copy of the five-day notice or proof of its service was ever tendered as part of the record.

[2]Defendant represented himself *pro se* throughout the trial proceedings.

for October 11, 2018. On that date, the case was set for trial on November 28, 2018, with pretrial scheduled for November 27, 2018.

¶ 6     On October 11, 2018, plaintiff filed a motion for use and occupancy. On October 31, 2018, defendant filed a motion for substitution of judge pursuant to section 2-1001(a)(2) of the Code (735 ILCS 5/2-1001(a)(2) (West 2018)) as a matter of right. On the same date, defendant filed a motion to strike and dismiss plaintiff's complaint and motion for use and occupancy pursuant to section 2-619(a)(9) of the Code (*id.* § 2-619(a)(9)).

¶ 7     In his motion, defendant alleged that plaintiff did not follow the proper procedures for evicting a tenant as follows: (1) plaintiff had a copy of the current lease and was given current rent receipts when it purchased the property, which showed that defendant did not owe rent for August, September, and October 2018; (2) defendant never received a valid forcible entry and detainer complaint from plaintiff; (3) defendant was a *bona fide* tenant with a written current lease and rent receipts; and (4) defendant never received notice prior to the filing of plaintiff's complaint. Defendant contended that this was a denial of due process and requested that the complaint be dismissed. Defendant attached an affidavit to his motion, in which he averred that (1) he has resided at the property since May 1, 2011, (2) he gave plaintiff a copy of his current lease and rent receipts, (3) he had received no notices terminating his current lease, (4) he was harassed by plaintiff, who damaged the locks on the rear door and garage, (5) he never received any 5-day or 10-day notice from plaintiff, and (6) he had not defaulted on his current lease agreement and did not owe the amounts stated in the complaint. Defendant also attached a copy of his two-year residential lease dated April 1, 2017, and a receipt dated December 15, 2017, which reflected a payment of $10,575 applied and credited towards rent for 3722 S. Calumet, Unit 3, through the end of the lease term (March 30, 2019), and "[i]nvestments for hotel and repairs and maintenance upkeep for Apartment Builders, Inc. properties and unpaid taxes and City of Chicago liens."

¶ 8     On November 7, 2018, defendant's motion for substitution of judge as of right was granted, and the matter was transferred to Judge Israel A. Desierto. On the same date, defendant filed his first set of interrogatories and request to produce and admit on plaintiff via its attorney. On November 15, 2018, all motions were entered and continued.

¶ 9     On November 28, 2018, defendant's motion to dismiss was denied, and plaintiff's motion for use and occupancy was granted. Defendant was ordered to pay $750 per month for use and occupancy of the premises beginning December 3, 2018, and each month thereafter. Trial was rescheduled for December 6, 2018.

¶ 10     Also on November 28, 2018, defendant filed a motion for substitution of judge for cause alleging that he filed a timely jury demand that the court denied his constitutional right to continue his jury demand and did not have the order reflect that plaintiff failed to answer discovery that was tendered on November 7, 2018. He attached an affidavit in support of his motion. Defendant's motion was denied on December 6, 2018, and his oral Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)) motion was also denied.

¶ 11     On December 6, 2018, the record indicates that the circuit court entered a judgment on the jury's verdict in favor of plaintiff and against defendant for possession of the property and a monetary judgment in the amount of $4161.29. The jury verdict was signed by six jurors. On the same date, the circuit court entered an eviction order against defendant reflecting the jury's verdict.

¶ 12    On December 27, 2018, defendant filed a motion to reconsider defendant's motion to dismiss. In his motion, defendant contended that he requested leave of court to file an answer, affirmative defense, and counterclaim to establish his right to stay in possession, and showed the court and plaintiff his rent receipt. Defendant contended that there was no objection to his rent receipt by plaintiff but he was not granted an opportunity to file an answer, affirmative defense, or counterclaim. Defendant reiterated his earlier arguments and concluded that his motion to reconsider should be granted because the circuit court misapplied the law.

¶ 13    On the same date, defendant filed a motion to vacate judgment, for new trial, and to stay the enforcement of judgment pursuant to section 2-1202(d) of the Code (735 ILCS 5/2-1202(d) (West 2018)). In his motion, defendant restated the procedural history of the case, including plaintiff's noncompliance with the discovery order in that it did not respond to his interrogatories that were served on November 7, 2018. Defendant also contended that, after his motion for substitution of judge for cause was denied on December 6, 2018, and transferred back to Judge Desierto, it was rushed to trial on the same date and he was not given time to respond to the complaint. According to defendant, this was after defendant informed the court that the apartment did not have running hot water, which affected the habitability of the premises. Defendant contended that he objected to the trial commencing on the same date and requested a continuance so that a court reporter could be present and witnesses, which the circuit court denied. Defendant further contended that the circuit court informed him that there would be a 6-person jury instead of the 12-person jury he demanded. Attached as an exhibit to the motion for new trial was a copy of plaintiff's trial exhibit list, which reflected the following documents in pertinent part: (1) letter to occupants dated July 16, 2018, (2) five-day notice dated August 24, 2018, (3) lease dated April 1, 2017, and (4) receipt dated December 15, 2017.

¶ 14    The circuit court entered and continued defendant's motions to January 25, 2019. On that date, all of defendant's motions were denied, and the order was entered as a final order of the court.

¶ 15    Defendant filed his timely notice of appeal on January 25, 2019.

¶ 16    On February 19, 2019, defendant filed an emergency motion to stay enforcement of the order of possession and eviction pending appeal. On March 12, 2019, the circuit court denied defendant's motion.

¶ 17                                    DISCUSSION

¶ 18    On appeal, defendant contends that (1) plaintiff did not give him the required notice and failed to strictly comply with the statute; (2) the circuit court erred in denying his pretrial section 2-619(a)(9) (*id.* § 2-619(a)(9)) motion to dismiss because plaintiff failed to attach a copy of the lease and five-day notice to the complaint as required by section 2-606 of the Code (*id.* § 2-606) and because plaintiff's action was premature, as there was no past due rent as required by section 9-209 of the Act (*id.* § 9-209); (3) the circuit court erred in denying "fundamental fairness" as there was no pretrial discovery, just surprises; (4) the circuit court erred in denying his 12-person jury demand and violated due process; and (5) the circuit court's denial of his motion to vacate was an abuse of discretion.

## A. Failure to File Report of Proceedings

Before discussing the arguments defendant raises in his appeal, we note that, while defendant filed the common-law record from the circuit court, he has failed to file a report of proceedings or certified bystander's report.

It is the duty of every appellant in a reviewing court to provide a sufficient record to support a claim of error, and in the absence of such a record, the reviewing court will presume that the trial court's order was in conformity with established legal principles and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of a proper record, a reviewing court may dismiss the appeal or, alternately, summarily affirm the judgment of the trial court. *Marx Transport, Inc. v. Air Express International Corp.*, 379 Ill. App. 3d 849, 853 (2008). However, the failure to present a report of proceedings does not require automatic dismissal or affirmance where the issues can be resolved on the record as it stands. *Id.*

We find that dismissal or summary affirmance is not necessary in this case, as the issues on appeal can be resolved on the record, and we proceed to address the issues raised by defendant on appeal.

## B. Analysis

As a preliminary matter, we conclude that three of defendant's issues are dispositive of this appeal, and we therefore confine our discussion to those issues. Specifically, we discuss (1) the failure of plaintiff to comply with service of the demand notice under the Act, (2) the denial of defendant's section 2-619(a)(9) motion to dismiss, and (3) the failure to honor defendant's demand for a 12-person jury.

### 1. Failure to Timely Serve Demand Notice

Defendant first contends that plaintiff failed to provide him with a timely demand notice by properly serving him with a 5- or 10-day notice as well as a failure to timely inform him of the complaint for eviction.

An action under the Act is a "special statutory proceeding, summary in its nature, in derogation of the common law, and a party seeking this remedy must comply with the requirements of the statute." (Internal quotation marks omitted.) *Eddy v. Kerr*, 96 Ill. App. 3d 680, 681 (1981). This is especially true with those requirements that establish the court's jurisdiction. *Figueroa v. Deacon*, 404 Ill. App. 3d 48, 52 (2010).

Section 9-211 of the Act provides three methods of serving notice of termination on a tenant who is in actual possession of the premises: (1) delivering a written or printed, or partly written and printed copy thereof, to the tenant or (2) leaving the notice with a person over the age of 13 who resides in or is in possession of the premises or (3) by sending a copy to the tenant by certified or registered mail, with a returned receipt from the addressee. 735 ILCS 5/9-211 (West 2018). Where the statute includes a requirement that written demand is made prior to filing a complaint, the demand must be made in strict compliance with the statute, or jurisdiction will not attach. *Figueroa*, 404 Ill. App. 3d at 52.

Whether there is substantial compliance with a statutory provision is a question of law, and our review is *de novo*. *Id.*

¶ 30    The record reveals that the eviction complaint alleged that plaintiff served a five-day notice on defendant on August 24, 2018. There was no allegation as to how the demand notice was served in compliance with the Act, nor was any proof of service included as part of the complaint. As noted previously, a copy of the five-day notice was not attached to the eviction complaint, nor was it ever provided as part of any pleading filed by plaintiff. Plaintiff's complaint also alleged that defendant was in possession of the premises. Defendant first raised this issue in his motion to dismiss the complaint. The record does not indicate that plaintiff ever filed a written response to defendant's motion, nor was the complaint ever amended to include a copy of the five-day notice and proof of service in compliance with the statute. Nor did the circuit court ever enter an order requiring plaintiff to provide proof of service of the demand notice in compliance with the Act, even after this matter was brought to its attention in defendant's motion to dismiss.

¶ 31    Accordingly, we must conclude that the record fails to support the proposition that plaintiff established substantial compliance with section 9-211 of the Act, which requires that a defendant must be served with a demand for possession prior to the filing of an eviction complaint and specifies the method of service for a tenant who is in possession of the premises. Proper service of demand for possession is a condition precedent to a plaintiff filing an eviction complaint. 735 ILCS 5/9-211 (West 2018). There is no evidence contained in the record to support the inference that any such service occurred. Thus, we find that the service of notice was defective and defendant's due process rights were violated by any proceedings that occurred on the eviction complaint. See *American Management Consultant, LLC v. Carter*, 392 Ill. App. 3d 39, 57 (2009). As such, the circuit court erred in proceeding on this purely statutory cause of action for forcible entry and detainer without proof of compliance with section 9-211. See *Figueroa*, 404 Ill. App. 3d at 53.

¶ 32                               2. Section 2-619(a)(9) Motion to Dismiss

¶ 33    Defendant further contends that the circuit court erred in denying his pretrial section 2-619(a)(9) (735 ILCS 5/2-619(a)(9) (West 2018)) motion to dismiss because plaintiff failed to attach a copy of the lease and five-day notice to the complaint as required by section 2-606 of the Code (*id.* § 2-606) and that the action was premature because there was no past due rent as required by section 9-209 of the Act (*id.* § 9-209).

¶ 34    A section 2-619(a)(9) motion to dismiss admits the legal sufficiency of the complaint, admits all well-pleaded facts and all reasonable inferences therefrom, and asserts an affirmative matter outside the complaint that bars or defeats the action. *Mazal v. Arias*, 2019 IL App (1st) 190660, ¶ 18. When ruling on such a motion, the court construes the pleading in the light most favorable to the nonmoving party and should grant the motion only if the plaintiff can prove no set of facts under the pleadings which would entitle the plaintiff to recover. *Id.* The purpose of section 2-619(a)(9) is to provide litigants with a method of disposing of issues of law and easily proved issues of fact—relating to the affirmative matter—early in the litigation. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 30. A section 2-619(a)(9) motion to dismiss is reviewed *de novo*. *Id.* ¶ 31.

¶ 35    The standard definition of an affirmative matter is:

    " '[A] type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusion[s] of material fact unsupported by allegations of specific fact contained [in] or inferred from the complaint *** [not]

merely evidence upon which defendant expects to contest an ultimate fact stated in the complaint.' " *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 121 (2008) (quoting 4 Richard A. Michael, Illinois Practice, Civil Procedure Before Trial § 41.7, at 332 (1989)).

¶ 36 An affirmative matter does not include evidence upon which defendant expects to contest an ultimate fact stated in the complaint. *Reynolds*, 2013 IL App (4th) 120139, ¶ 34 (citing *Smith*, 231 Ill. 2d at 121). In other words, an affirmative matter is not the defendant's version of the facts as such basis merely tends to negate the essential allegations of the cause of action. *Id.* Accordingly, section 2-619(a)(9) does not authorize defendant to submit affidavits or evidentiary matter for the purpose of contesting plaintiff's factual allegations and presenting its version of the facts. *Id.* Where a defendant seeks to address the complaint's factual allegations, a summary judgment motion pursuant to section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2018)) is the proper vehicle. *Reynolds*, 2013 IL App (4th) 120139, ¶ 34.

¶ 37 As the movant of a motion for involuntary dismissal under section 2-619(a)(9), the defendant has the burden of proof on the motion. *Id.* ¶ 37. The affirmative matter must be apparent on the face of the complaint; otherwise the motion must be supported by affidavits or certain other evidentiary materials. *Id.* If the defendant carries this initial burden of going forward, the burden then shifts to the plaintiff, who must then establish that the affirmative matter asserted is either unfounded or requires the resolution of an essential element of material fact before it is proven. *Id.* The plaintiff may establish this burden by presenting affidavits or other proof. *Id.*

¶ 38                                    a. Compliance With Section 2-606

¶ 39 First, defendant contends that plaintiff failed to comply with section 2-606 of the Code by not attaching a copy of the lease and five-day notice to the eviction complaint.

¶ 40 Section 2-606 of the Code provides that, if a claim is "founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein, unless the pleader attaches to his or her pleading an affidavit stating facts showing that the instrument is not accessible to him or her." 735 ILCS 5/2-606 (West 2018).

¶ 41 In a forcible entry and detainer action, the lease is the written instrument on which the claim is founded. Accordingly, it must be attached to the eviction complaint as an attachment or an affidavit must be attached, explaining why the lease is not accessible. In the case at bar, while plaintiff's complaint alleged that a lease existed, no copy of the lease was attached to the complaint. Nor was an affidavit attached to explain why the lease was not attached. The first copy of the lease in the record appears as an exhibit to defendant's motion to dismiss. The record does not indicate that plaintiff ever filed a written response to defendant's affirmative matter allegation. Nor does the record indicate the basis on which the circuit court denied defendant's motion to dismiss on this claim. We find that defendant sufficiently met his burden of establishing, as an affirmative matter, that plaintiff failed to comply with the requirements of section 2-606 of the Code and further that plaintiff did not dispute such affirmative matter.

¶ 42                                    b. Compliance With Section 9-209

¶ 43        Defendant next contends that plaintiff's complaint was premature because there was no past due rent as required by section 9-209 of the Act before an eviction complaint can be filed.

¶ 44        Section 9-209 of the Act provides that a landlord may, any time after rent is due, demand payment thereof and notify the tenant in writing that, unless payment is made within a time mentioned in the notice, the lease will be terminated. *Id.* § 9-209; *Shelby County Housing Authority v. Thornell*, 144 Ill. App. 3d 71, 73 (1986). If the tenant does not make timely payment, the landlord may file a forcible entry and detainer action and a claim for rent. 735 ILCS 5/9-209 (West 2018).

¶ 45        Here, the complaint alleged that defendant failed to pay rent in August 2018. However, in support of his allegation that he did not owe rent for August 2018, defendant attached a copy of a rent receipt dated December 15, 2017. That receipt indicated that defendant had paid $10,575 to the previous landlord, which was, in part, payment for all rent due under the terms of the lease through the conclusion of the lease period, March 30, 2019. Once again, the record does not indicate that plaintiff ever filed a response to this allegation in defendant's motion to dismiss or dispute it. As such, we find that defendant met his burden of establishing, as an affirmative matter, that he did not owe any rent in August 2018 and such affirmative matter was not disputed by plaintiff.


¶ 46                                         c. Disposition

¶ 47        We therefore find that defendant sufficiently met his burden of establishing affirmative matters that would preclude relief being granted on plaintiff's complaint. This is notwithstanding that we have already concluded that plaintiff was improperly allowed to proceed on the complaint before showing its compliance with the statutory requirement of service of the demand for possession. Accordingly, the circuit court erred in denying defendant's section 2-619(a)(9) motion to dismiss.


¶ 48                    3. Failure to Honor Defendant's Demand for a 12-Person Jury

¶ 49        Defendant also contends that the circuit court erred in denying his demand for a 12-person jury and instead conducting his trial with a 6-person jury. He maintains that this was a violation of his due process rights and that his motion for new trial should have been granted. We agree.

¶ 50        In considering whether a motion for new trial should have been granted, the trial court should set aside a jury's verdict only if it is contrary to the manifest weight of the evidence or a party has been denied a fair trial. *Hana v. Illinois State Medical Inter-Insurance Exchange Mutual Insurance Co.*, 2018 IL App (1st) 162166, ¶ 15. The trial court is in a superior position to consider errors that occurred, the fairness of the trial to all parties, and whether justice was accomplished. *Id.* A trial court's ruling on a motion for new trial will not reversed unless there is an affirmative showing that it clearly abused its discretion. *Id.*

¶ 51        The seventh amendment to the United States Constitution provides that in suits at common law, where the value in controversy exceeds $20, the right of trial by jury shall be preserved and no fact tried by jury shall be otherwise reexamined in any court of the United States. U.S. Const., amend. VII. The United States Supreme Court has held that neither the seventh nor the sixth amendment, which protects the right of trial by jury in criminal cases, requires a 12-

person jury. *Colgrove v. Battin*, 413 U.S. 149, 160 (1973) (seventh amendment); *Williams v. Florida*, 399 U.S. 78, 103 (1970) (sixth amendment).

¶ 52    Article I, section 13, of the Illinois Constitution, on the other hand, provides that the right of trial by jury "as heretofore enjoyed" remain inviolate. Ill. Const. 1970, art. I, § 13. Our supreme court has subsequently construed the right of trial by jury protected by the Illinois Constitution differently than the rights protected by the federal constitution. *Kakos v. Butler*, 2016 IL 120377, ¶ 13. The court has interpreted the phrase "as heretofore enjoyed" to mean " 'the right of a trial by jury as it existed under the common law and as enjoyed at the time of the adoption of the respective Illinois constitutions.' " *Id.* ¶ 14 (quoting *People v. Lobb*, 17 Ill. 2d 287, 298 (1959)). To that end, our supreme court has determined that the right to trial by jury guaranteed by the 1970 Constitution means a jury comprised of 12 members. *Id.* ¶ 17. The court did note that the parties can consent to a unanimous verdict of less than 12 members. *Id.* ¶ 25. The court further found that the provisions of Public Act 98-1132 (eff. June 1, 2015), which amended section 2-1105(b) of the Code (735 ILCS 5/2-1105(b)) and reduced the size of a jury in a civil trial, were unconstitutional. *Kakos*, 2016 IL 120377, ¶ 28.

¶ 53    In the case at bar, it is clear from the record that defendant unequivocally filed an appearance and jury demand for a 12-person jury on September 24, 2018. The record does not contain any waiver signed by defendant waiving his right to a 12-person jury. In fact, the record establishes that defendant continually asserted his right and demand for trial by a 12-person jury. However, his trial was heard by a six-person jury, which was a violation of defendant's constitutional rights. As such, we conclude that defendant's motion for new trial should have been granted on this basis, and the trial court clearly abused its discretion in denying defendant's motion.

¶ 54    Accordingly, because defendant was denied his constitutional right to a 12-person jury, it is clear that he was denied a fair trial. This matter must be remanded for a new trial. *Hana*, 2018 IL App (1st) 162166, ¶ 18; see also *Maple v. Gustafson*, 151 Ill. 2d 445, 454 (1992).

¶ 55    While we recognize that we could have simply remanded this case on this issue alone and not decided any of the other substantive issues raised by defendant, a reviewing court may address issues that are likely to recur on remand in order to provide guidance to the lower court and thereby expedite the ultimate termination of the litigation. *Hana*, 2018 IL App (1st) 162166, ¶ 27 (citing *Pielet v. Pielet*, 2012 IL 112064, ¶ 56).

¶ 56    In the case at bar, we believe that the substantive issues we addressed in this opinion— plaintiff's failure to provide compliance with the statutory service provisions of the Act, plaintiff's failure to comply with section 2-606 of the Code, and plaintiff's failure to comply with section 9-209 of the Act—are likely to recur on remand. We strongly remind the circuit court of its responsibility to reasonably allow a *pro se* litigant to be heard pursuant to Illinois Supreme Court Rule 63(A)(4) (eff. Feb. 2, 2017).

¶ 57                                                    CONCLUSION

¶ 58    For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for a new trial consistent with this opinion.

¶ 59    Reversed and remanded.