2026 IL App (1st) 240524-U

No. 1-24-0524

First Division
March 23, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| EMIL MANOLACHI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant and Cross-Appellee, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | No. 23 L 3966 |
| | ) | |
| GHEORGHE C. COSTEA, and OSIRIS CONSTRUCTION, INC., | ) | |
| | ) | |
| | ) | Honorable |
| Defendants-Appellees and Cross-Appellants. | ) | Michael F. Otto |
| | ) | Judge, Presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the circuit court's dismissal of plaintiff's negligence complaint where the exclusive remedies provision of the Workers' Compensation Act applies, and we dismiss defendants' cross-appeal as moot.

¶ 2     In this refiled action, plaintiff, Manolachi brought an action against defendants Gheorghe

C. Costea and Osiris Construction, Inc., alleging "construction negligence" and seeking to recover

for injuries he sustained on a residential worksite at which defendants were the general contractors. In his verified complaint, plaintiff alleged, *inter alia*, that defendants controlled the manner of the work, that he was under defendants' direct control and supervision, and that the scaffold from which he fell was provided by defendants.

¶ 3 Defendants initially filed a motion for sanctions pursuant to Illinois Supreme Court Rule 219(c) (eff. July 1, 2002), seeking to have plaintiff's refiled case dismissed with prejudice. The motion was premised on the discovery sanction imposed on plaintiff in the original action. The trial court denied defendants' motion for sanctions. Following the trial court's denial, defendants next filed a motion to dismiss the refiled complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 2-619(a)(9) (West 2022). The court allowed the motion and dismissed plaintiff's refiled complaint with prejudice. Plaintiff appealed dismissal of the complaint. Defendants-cross-appellants appealed the denial of their motion for sanctions.

¶ 4 For the reasons that follow, we affirm dismissal of plaintiff's complaint and dismiss defendants' cross-appeal as moot.

¶ 5                                    I. BACKGROUND

¶ 6 Before proceeding to address the issues raised in the refiled action, we briefly summarize those facts and the court's rulings in the original action as contained in the record now before us in this appeal.

¶ 7                                    Original Action

¶ 8 On August 15, 2018, plaintiff filed a complaint in the circuit court of Cook County in which he alleged "construction negligence" against defendants. (No. 2018 L 008843). On March 18, 2019, defendants filed a motion to dismiss the complaint pursuant to section 2-619 of the Code arguing that plaintiff's claims were barred by the exclusive remedies provision of the Workers'

Compensation Act (Act) (820 ILCS 305(5)(e)(a) (West 2022)). The trial court denied defendants' motion, stating that the complaint's allegation regarding plaintiff's employment status would be borne out in discovery and that there had been no evidence to support a finding that plaintiff was "eligible, filed for, and received" worker's compensation benefits. The court stated that should the parties discover that evidence, defendants could file another motion to dismiss, however, dismissal under section 2-619 was unwarranted at this stage. The case was subsequently set for trial to commence on May 23, 2022.

¶ 9       On March 3, 2022, defendants filed a motion for sanctions in which they alleged plaintiff had suborned perjury. Specifically, defendants alleged that plaintiff's witness Sebestein Szliyzge, during recorded questioning by plaintiff's counsel, was being passed information by plaintiff concerning the building of the scaffold from which plaintiff had fallen. Szliyzge falsely stated that defendant told him that he (defendant) had built the scaffold on the morning of the incident. The recording was subsequently provided to counsel for defendants. On November 29, 2021, during his deposition by defendants' counsel, Szliyzge testified that at the time of the recorded statements, he was at plaintiff's home and that plaintiff had requested that he provide a statement to his (plaintiff's) attorney by telephone. As plaintiff's attorney asked Szliyzge questions, plaintiff wrote down on a piece of paper for Szliyzge to answer either "yes" or "no." Szliyzge further testified that contrary to the recorded statement, he had never spoken with defendant concerning who built the scaffold, that he was given the "false answers" by plaintiff during the recording, and that plaintiff had paid him to make the statements.

¶ 10      On March 31, 2022, defendants filed their reply to plaintiff's response to the motion for sanctions. However, we find no written response in the record.

¶ 11 At the May 5, 2022, hearing on the motion for sanctions, defendants argued for dismissal of the case with prejudice, citing Illinois Supreme Court Rule 219 (eff. July 1, 2002) as well as the court's inherent authority to protect the integrity of the court system. Although the court denied defendants' motion to dismiss, the court entered an order to bar Szilagyi's testimony, assessed costs, and admonished plaintiff that "if I have convincing evidence that something like this happens again, I'll dismiss it as a sanction, so you're forewarned."

¶ 12 Subsequently, on May 16, 2022, defendants filed an emergency motion seeking as a sanction that the case be dismissed with prejudice. In support, defendants first recalled for the court its prior order barring Szliygye's testimony and its forewarning to plaintiff. Defendants then informed the court that plaintiff had since coached his wife, Stefania Manolachi, to give false testimony regarding a conversation she allegedly had with defendants concerning the accident. Thus, they sought to now have Stefania's testimony barred, and the case dismissed with prejudice. Further, defendants argued, if the motion to bar and to dismiss with prejudice was denied, that the court certify the following question to the appellate court, "Whether a trial court's finding that Plaintiff suborned perjury by his disclosed witness requires the entry of an order of dismissal with prejudice?" We find no written response by plaintiff to defendants' motion to dismiss in the record.

¶ 13 In the transcript of the May 18, 2022, hearing, Judge Brendan O'Brien acknowledged having before the court defendants' emergency motion to dismiss plaintiff's complaint with prejudice, as well as plaintiff's counsel's petition to withdraw from representation. Prior to the court ruling on either motion, plaintiff's counsel stated that although his motion to withdraw had not yet been ruled upon, he deemed it his ethical obligation to argue for the lesser sanction of dismissal without prejudice, in order that plaintiff could have his day in court. In ruling, the judge

noted that dismissal with prejudice would be harsh and ultimately dismissed the case "without prejudice as a sanction." The judge stated that should plaintiff refile the case, defendants could renew their motion for "dismissal with prejudice – the dismissal with prejudice and other sanctions." Additionally, the court denied plaintiff's counsel's petition to withdraw from representation as moot.

¶ 14    The record reflects two separate written orders entered on May 19, 2022, by Judge O'Brien. The first order memorialized the court's oral ruling on defendants' motion for sanctions at the May 5, 2022, hearing. The second written order reflects the court's ruling on defendants' emergency motion at the May 18, 2022, hearing.

¶ 15                                    Refiled Action

¶ 16    On April 19, 2023, plaintiff refiled his case in the circuit court of Cook County, again naming as defendants, Costea and Osiris Construction, Inc. (No. 2023 L 003966). The allegations in the two-count refiled complaint are the same as in the originally filed complaint, except the refiled complaint includes a verification and affidavit pursuant to Illinois Supreme Court Rule 222 (eff. Jan. 1, 2011).

¶ 17    In count I of the verified complaint, plaintiff alleged that Osiris Construction, Inc., was the general contractor of a construction project involving improvements, modification and the like to property located in Orland Park. The construction project consisted of erecting and/or constructing an indoor underground pool as well as renovating windows and window molding surrounding the pool. Further, plaintiff alleged that defendants "exclusively controlled and directed" the manner of the completion of the work. Prior to February 1, 2018, plaintiff was "retained, hired, and/or employed by the defendants" to perform work for the project. On February 1, 2018, plaintiff "was under the direct control and supervision" of defendants and was specifically

directed by defendants to perform window molding work on the windows surrounding the pool. On February 1, 2018, defendants "provided, designed, built, constructed, and/or maintained an exclusively controlled scaffold" in order that plaintiff could perform the window and molding work. The scaffold as provided by defendants created an unreasonably dangerous and hazardous working condition for plaintiff at the job location. Defendants knew or should have known that the scaffold as built and constructed and provided to plaintiff involved an unreasonable risk of harm to him. Additionally, defendants "had the ability and power to direct Plaintiff, EMILE MANOLCAHI, to perform other work besides that of the window molding." Finally, the complaint alleged that as result of defendants' conduct, plaintiff sustained serious injuries resulting from the collapse of the scaffolding boards. In his prayer for relief, plaintiff sought a judgment against Osiris Construction in an amount in excess of $50,000 and costs.

¶ 18 Count II of the verified complaint realleges and incorporates count I, paragraphs 1 through 16 of the complaint and prays for the same relief, except it names Costea as the alleged tortfeasor. Count II additionally alleges that Costea "personally retained, engaged with, hired, employed and/or compensated from his personal banking account" various construction personnel, including plaintiff.

¶ 19 In lieu of an answer, on August 17, 2023, defendants filed a motion to dismiss plaintiff's refiled complaint with prejudice. As bases, in addition to citing section 2-619(9) of the Code, defendants also cited section 5-116 (735 ILCS 5/5-116) (West 2022)) of the Code of Civil Procedure, as well as Illinois Supreme Court Rules 219(c) (eff. July 1, 2002) and 218 (eff. Feb. 2, 2023). Alternatively, if relief was denied, defendants sought the court's certification of the following question to the appellate court: "Whether a trial court's finding that a Plaintiff suborned perjury before and after the Court's admonition against such conduct necessitates an order of

dismissal of the case with prejudice?" The court denied certification, finding it to be inapplicable to the facts in the case.

¶ 20    In the motion, defendants first noted to the court that the April 2023 action was a refiled case and that the original case had been dismissed without prejudice following separate incidents of plaintiff having been found to have twice suborned perjury. The motion reiterated Judge O'Brien's May 2022 dismissal order which purported to grant defendants the right to refile their motion for dismissal with prejudice should plaintiff refile his case. They argued that based on plaintiff's continued misconduct in the original action, his refiled complaint should be dismissed with prejudice and costs and fees assessed.

¶ 21    On October 10, 2023, plaintiff filed a response to the motion in which he argued that defendants failed to provide credible evidence of misconduct as related to either of the two witnesses and that the drastic measure of dismissal was not favored. He maintained that no court had ever made a finding that either Szilagyi's or plaintiff's wife's prior statements were perjured. Further, he argued, Judge O'Brien had already imposed sanctions against plaintiff relating to Szilagyi's statements. Additional sanctions for the already sanctioned conduct "would mean that `plaintiff is being penalized twice for the same conduct." He maintained that the alleged misconduct did not provide a sufficient basis for the extreme sanction of dismissal.

¶ 22    After all briefing had been concluded, on January 5, 2024, Judge Anthony Swanagan entered a ruling on the motion.  The judge denied defendants' motion for sanctions as well as for certification of a question for interlocutory appellate review. In the order, Judge Swanagan noted that in the refiled case, defendants had presented "neither additional evidence establishing Manolachi's misconduct regarding his wife's deposition nor evidence of new misconduct."

¶ 23    On January 4, 2024, defendants filed a motion to dismiss the complaint pursuant only to "ILCS 619(9)". In the motion defendants argued that the Act precluded any suits sounding in tort where the injury occurred to a worker in the course of his employment. Defendants argued that plaintiff admitted that: he was hired and employed by defendants; defendants exclusively controlled and directed his work; defendants were in the general contractor and construction business; and plaintiff performed work for them. Thus, defendants argued plaintiff was, by his own admission, an employee. Therefore, he was subject to the exclusive remedy provision under the Act. Attached to the motion was a copy of plaintiff's refiled verified complaint.

¶ 24    In his response, plaintiff argued that defendants' motion to dismiss lacked any evidentiary support and mischaracterized the complaint. After setting forth the "standard of review," plaintiff first argued that because defendants' motion to dismiss was based on the same arguments presented in the original action, defendants were attempting "a second bite of the apple" by filing their motion to dismiss in the refiled suit. Citing to the ruling in the original suit, plaintiff noted that the trial court there had stated that the issue of whether plaintiff was an employee would be borne out in discovery and that no evidence was presented that plaintiff was eligible for, filed, or received worker's compensation benefits. Plaintiff additionally argued that a genuine issue of fact existed as to whether plaintiff was an employee or an independent contractor. Beyond the pleadings in the original case, plaintiff pointed to other factors supporting his claim that he was an independent contractor. First, he noted that defendants had informed their (defendants') insurance carrier that this was not a worker's compensation claim. Second, plaintiff was issued a Form 1099 for his work for years 2017 and 2018 without any employment taxes withheld from his compensation.

¶ 25    On January 25, 2024, defendants filed their reply to plaintiff's response to the motion to dismiss. On January 29, 2024, defendants filed an amendment to the reply, again asserting that the refiled complaint was verified and attaching a copy of the verification and affidavit as an exhibit.

¶ 26    On February 13, 2024, Judge Michael Otto granted the motion to dismiss, with prejudice. In his ruling, the judge cited *Oleksy v. Ill. Workers' Comp. Comm'n*, 2021 IL App (1st) 191939WC-U, as persuasive. Pointing to the allegations in plaintiff's verified complaint, the court stated that plaintiff had affirmatively pled facts sufficient to establish the factors which the Commission in *Olesky* found dispositive in finding the Commission's determination of the plaintiff's non-employment to be against the manifest weight of the evidence. Additionally, the court noted that plaintiff had filed no affidavits in the case and that his reliance on 1099 forms he had received from defendants were insufficient to defeat the other factors supporting a finding that he was an employee. Further, the court noted, e-mails from defendants' adjustor could not be considered as plaintiff had not lain any foundation for their admission.

¶ 27    On March 12, 2024, plaintiff timely filed his notice of appeal. On March 19, 2024, defendants filed notice of their cross-appeal.

¶ 28                                    II. ANALYSIS

¶ 29                    Plaintiff-Appellant and Cross-Appellee's Appeal

¶ 30    Plaintiff contends that defendants failed to carry their burden to present sufficient evidence in support of granting their motion to dismiss.  He notes that the same argument that defendants put forth in the original action failed and this one should fail for the same reasons. Plaintiff maintains that here, in the refiled action, the trial court failed to interpret the facts alleged in the complaint and all reasonable inferences therefrom in the light most favorable to plaintiff when it held that the plaintiff's allegation established his status as an employee. Thus, plaintiff maintains

that the trial court's ruling should be reversed and the matter remanded for trial because the evidence, "at a minimum, raises questions of material fact that precludes dismissal."

¶ 31 In sum, defendants-cross-appellants respond that the trial court's dismissal was proper as plaintiff's verified complaint alleged an employer-employee relationship and the Act provides an exclusive remedy for workplace injuries.

¶ 32 A section 2-619 motion to dismiss admits the legal sufficiency of the complaint and all well-pleaded facts and reasonable inferences therefrom but asserts an affirmative matter outside the complaint that bars or defeats the cause of action. *Villa DuBois, LLC v. El*, 2020 IL App (1st) 190182, ¶ 34. The purpose of a section 2-619 motion is to provide a method of disposing of issues of law and easily proved facts relating to the affirmative matter early in the litigation. *Id*.; *Incandela v. Giannini*, 250 Ill. App 3d. 23, 26 (1993). In ruling on the motion, the court construes the complaint in the light most favorable to the non-moving party and should grant the motion only if the plaintiff can prove no set of facts entitling him or her to recover. *Id*. The trial court must take all facts properly pleaded as true. *Id.* Where there are disputed issues of fact, an evidentiary hearing is required. *Id.* However, where the record shows that a genuine and material question of fact does not exist, the court should grant the motion. *Id.* We review a decision granting a motion pursuant to section 2-619 *de novo*. *Wackrow v. Niemi*, 231 Ill. 2d 418, 422 (2008).

¶ 33 Section 5(a) of the Workers' Compensation Act provides, in relevant part:

> "No common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in the line of his duty as such employee other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent on him, the legal representatives of his estate, or any one

otherwise entitled to recover damages for such injury." 820 ILCS 305/5(a) (West 2022).

In addition, section 11 of the Act provides:

"The compensation herein provided together with the provisions of this Act, shall be the measure of the responsibility of any employer *** for accidental injuries sustained by any employee arising out of and in the course of employment ***." 820 ILCS 305/11 (West 2022).

¶ 34    "The Act imposes liability without fault upon the employer, and, in return, it prohibits common lawsuits by employees against their employer." *Meerbrey v. Marshall Field & Co*., 139 Ill. 2d 455, 462 (1990); *Ocasek v. Krass*, 153 Ill. App. 3d 215, 217 (1987) ("The policy of the Act provides a certain remedy to the employee in return for limiting the liability of the employer."). It is designed to provide financial protection to workers for accidental injuries arising out of and in the course of employment. *Pathfinder Co., v. Industrial Commission,* 62 Ill. 2d 556, 563 (1976). The Act operates to make worker's compensation benefits the exclusive remedy of an injured employee. *Garland v. Morgan Stanley & Co., Inc.*, 2013 IL App (1st) 112121, ¶ 24. Therefore, except as otherwise provided in the Act, an employee may not ordinarily be compensated by the employer for an injury caused by the employer during the course of employment. See *Kontos v. Boudros*, 241 Ill. App. 3d 198, 201 (1993).

¶ 35    To escape the bar of sections 5 and 11 of the Act, a plaintiff must demonstrate that the injury "(1) was not accidental; (2) did not arise from his or her employment; (3) was not received during the course of employment; or (4) was not compensable under the Act." *Esposito v. Dior Builders*, 274 Ill. App. 3d 338, 345 (1995). In the case at bar, the relevant inquiry is whether

plaintiff was an employee or an independent contractor at the time of the injury. Plaintiff asserts that he was an independent contractor.

¶ 36    No hard, fast rule of law exists regarding whether a worker is an employee or an independent contractor. *Ware v. Industrial Comm'n*, 318 Ill. App. 3d 1117, 1122 (2000). Our supreme court, however, has provided a list of several factors for a court to consider when making that determination. *Roberson v. Industrial Comm'n (P.I. & I. Motor Express, Inc.)*, 225 Ill. 2d 159, 175 (2007). Included among them are whether the purported employer: (1) may control the manner in which the person performs the work; (2) dictates the person's work schedule; (3) pays the person hourly; (4) withholds income taxes and social security from the person's compensation; (5) may discharge the person at will; and (6) supplies the person with materials and equipment. See also *Ware*, 318 Ill. App. 3d at 1122. The significance of these factors rests on the totality of the circumstances, and no single factor is determinative. *Roberson*, 225 Ill. 2d at 175. Even so, the most significant among all of the factors is whether the purported employer has a right to control the actions of the employee. *Ware*, 318 Ill. App. 3d at 1122. For purposes of the Act, the term "employee" should be broadly construed. *Chicago Housing Authority v. Industrial Comm'n*, 240 Ill. App. 3d 820, 822 (1992).

¶ 37    Plaintiff argues that in the original action, the trial judge denied defendant's motion to dismiss finding that no evidence was presented that plaintiff was subject to the Act's exclusivity provision. He notes that "[i]t is perplexing that, on the second time around, the Trial Court could find that there was no question of material fact when it reached a conclusion at odds with the earlier one." He maintains that the factual allegations in his complaint, "at minimum," were ambiguous regarding his status. He further asserts that, because the trial court rejected an interpretation of the factual allegations most favorable to plaintiff, the trial court's ruling should be reversed.

¶ 38    Plaintiff overlooks the fact and the significance of having filed a verified complaint in this refiled action. A factual admission in a verified pleading constitutes a judicial admission, which has the effect of withdrawing a fact from issue and makes introduction of evidence in support thereof wholly unnecessary. *L.D.S., LLC v. Southern Cross Food, Ltd.*, 2011 IL App (1st) 102379, ¶ 35; see also *Konstant Products, Inc. v. Liberty Mutual Fire Insurance Co.*, 401 Ill. App. 3d 83, 86 (2010) ("[j]udicial admissions are formal admissions in the pleadings that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact"). Such admissions are defined as "deliberate, clear, unequivocal statements by a party about a concrete fact within that party's knowledge." *In re Estate of Rennick*, 181 Ill. 2d 395, 406-07 (1998). Judicial admissions bind the pleader throughout the entire litigation. *Nissan Motor Acceptance Corp. v. Abbas Holding I, Inc.*, 2012 IL App (1st) 111296, ¶ 19. Once a plaintiff files a verified complaint,  statements alleged therein, that are not the product of mistake or inadvertence, cannot later be contradicted. *Id.* Additionally, a court may consider judicial admissions contained in the record when ruling on a motion to dismiss. *Jordan v. Knafel*, 355 Ill. App. 3d 534, 544 (2005). Significant, especially in this case, the purpose of the judicial admission rule is to remove the temptation to commit perjury. *Roti v. Roti*, 364 Ill. App. 3d 191, 200 (2006).

¶ 39    Here, in the verified complaint, plaintiff admitted that (1) defendants "exclusively controlled and directed the manner of the completion" of the work, (2) plaintiff was "under the direct control and supervision of defendants," (3) plaintiff was "specifically directed" by defendants to perform the work, and (4) the scaffold was "built constructed, designed, and/or maintained exclusively by defendants." By his verified complaint, plaintiff concedes any question of material fact regarding these issues and, ultimately, his status as an employee. We find no ambiguity in the substance of the complaint and plaintiff makes no argument that the allegations

made therein were the product of mistake or inadvertence. Further, and although not raised by plaintiff here on appeal, we agree with the trial court that the 1099 forms provided to plaintiff by defendants do no more than establish the parties' own label of their relationship. That factor, however, is insufficient to defeat plaintiff's other admissions supporting a finding that he was, in fact, an employee.

¶ 40     Based upon our review of the record, the trial court properly considered plaintiff's judicial admissions as contained in his verified complaint when deciding defendants' motion to dismiss. By his own admission, at the time of his injury, plaintiff was defendants' employee. As such, he was subject to the exclusive remedy provision of the Act. We therefore affirm the trial court's dismissal of plaintiff's complaint pursuant to section 2-619 of the Code.

¶ 41                    Defendants-Appellees and Cross-Appellants' Appeal

¶ 42     Defendants-cross-appellants contend that plaintiff's refiled complaint should have been dismissed because plaintiff suborned perjury and attempted to undermine the judicial process in his prior suit. Additionally, they contend that plaintiff's "malfeasance" deserved dismissal because lesser sanctions had no deterrent effect.  Defendants did not appeal the court's denial of their request to certify the question.

¶ 43     We are not oblivious to the gravity of plaintiff's alleged misconduct in the originally filed case which demonstrates an utter disregard for the truth-seeking process of our judicial system. Even so, in light of our affirmance of the trial court's dismissal of plaintiff's refiled case, we must dismiss defendants' cross-appeal as moot. *Fine Arts Distributors v. Hilton Hotel Corp.*, 89 Ill. App. 3d 881, 885 (1980); see also *Marion Hospital Corp. v. Illinois Health Facilities Planning Board*, 201 Ill. 2d 465, 471 (2002) ("when the resolution of a question of law cannot affect the result of a case as to the parties, or when events have occurred which make it impossible for the

reviewing court to render effectual relief, a case is rendered moot"). "Where the issues involved in the trial court no longer exist, an appellate court will not review a case merely to decide moot or abstract questions, to establish a precedent, or to determine the right to, or the liability for, costs, or, in effect, to render a judgment to guide potential future litigation." *La Salle National Bank v. City of Chicago*, 3 Ill. 2d 375, 378-79 (1954). Accordingly, we dismiss defendants-appellees' cross appeal.

¶ 44                                    III. CONCLUSION

¶ 45     For the reasons stated, we affirm the circuit court's dismissal of plaintiff's complaint and dismiss defendants' cross-appeal.

¶ 46     Affirmed; Cross-Appeal Dismissed.